**UNITED STATES of America**

v.

**Robert CARPENTER.**

**Crim. No. 21947.**

United States District Court
N. D. Georgia,
Atlanta Division.
July 20, 1959.

Charles D. Read, Jr., Acting U. S. Atty., Atlanta, Ga., Vincent P. Russo, Special Atty., Dept. of Justice, Washington,.D. C., for plaintiff.

Stonewall Dyer, James M. Roberts, Ben Weinberg, Jr., Atlanta, Ga., Henry Payton, Newnan, Ga., for defendant.

SLOAN, District Judge.

The indictment in the above stated case is in four counts, each count being in practically identical language except as to the years involved and amounts. The first two counts of the indictment relate to alleged violations of § 145(b) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 145(b), and the last two counts relate to alleged violations of § 7201 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7201, and each of the two sections relate to the willful attempt to evade or defeat the payment of any tax imposed by such Chapter of the Internal Revenue Code.

It is charged in each count that the defendant having filed and caused to be filed with the Director of Internal Revenue individual income tax returns for the respective calendar years stated in each count, wherein his net income and the amount of tax due thereon was stated for the calendar year involved, "willfully and knowingly attempted to evade and defeat the payment of the tax due and owing by him to the United States" for the calendar year stated in each respective count "by concealing and attempting to conceal his assets" in violation of such stated sections of the Internal Revenue Code.

The defendant has moved that the indictment be dismissed for the reason that it does not, nor do any of the counts thereof, "state facts sufficient to constitute an offense against the United States," and this motion to dismiss is now properly before the Court for determination under the Local Rules of this Court.

From the brief of defendant filed in support of the motion, it appears that the motion is based upon two grounds:

"1. That the indictment does not allege that the tax has not been paid, and

"2. That the indictment does not sufficiently allege all of the essential ingredients necessary to be alleged in that it fails to allege "any affirmative act on the part of defendant which amount to an attempt to evade or defeat the tax or the payment thereof."

The indictment here pleads the offense substantially in the language of the statutes alleged to have been violated, and in addition, each count alleges

that the attempt to evade and defeat the payment of the tax due and owing by defendant was "by concealing and attempting to conceal his assets," and this is an approved method of pleading except where the words of the statute do not contain all the essential elements of the offense. See Reynolds v. United States, 5 Cir., 225 F.2d 123, 126, and citations in footnote 3.

In income tax cases it is not necessary that the indictment specify the means whereby the defendant attempted to evade and defeat the tax. United States v. Miro, 2 Cir., 60 F.2d 58; Capone v. United States, 7 Cir., 56 F.2d 927; Reynolds v. United States, supra. However, it might be stated that the defendant has been furnished with this information in a bill of particulars filed in response to defendant's motion therefor.

The Court being of the opinion that the indictment here involved is sufficient and that there is no merit in defendant's motion to dismiss, such motion is hereby overruled and denied.