**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Edwin NELSON,
Defendant-Appellant.**

**No. 85–2633.**

United States Court of Appeals,
Fifth Circuit.

June 5, 1986.

Thomas S. Berg, Asst. Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, Tex., for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Susan L. Yarbrough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before RUBIN, POLITZ, and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Defendant William Edwin Nelson was indicted on two counts of tax evasion for the tax years 1980 and 1981, in violation of 26 U.S.C. § 7201. Count I of the indictment alleged that Nelson attempted to evade taxes by deliberately understating his income on his 1980 tax return. Count II of the indictment alleged that Nelson, for the tax year 1981 "did wilfully and knowingly attempt to evade and defeat ... tax ... by failing to make such income tax return ... and by failing to pay ... income tax ... and by concealing and attempting to con-

ceal from all proper officers ... his true and correct taxable income...." On Count I, the jury found Nelson guilty only of a lesser-included misdemeanor offense of making a false statement on his 1980 tax return. *See* 26 U.S.C. § 7207. As to his 1981 tax year (i.e., Count II), the jury found Nelson guilty of the felony offense of tax evasion under 26 U.S.C. § 7201. The district court sentenced Nelson to imprisonment of one year on each count, to be served concurrently, but consecutively to a previously imposed four-year sentence for an unrelated marijuana conspiracy conviction.

On this appeal, Nelson challenges only his conviction with respect to Count II. With respect to Count II, Nelson first contends that the indictment was defective; Nelson secondly contends that the jury charge was defective. With particularity, Nelson contends that the indictment and charge under Count II allowed Nelson to be convicted of the felony offense under section 7201 without the jury finding that he committed an affirmative act to evade or defeat tax. *See Spies v. United States,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943). We hold that Nelson's conviction on Count II (i.e., that count relating to the 1981 tax year) must be reversed due to the defective jury charge.

In *Spies,* the Supreme Court explored the distinction between the felony statute i.e., section 7201 (formerly section 145(b)), and the misdemeanor statute, i.e., section 7203 (formerly section 145(a)).[1] The defendant Spies was convicted of the felony statute. The trial court in *Spies* instructed the jury that Spies' failure to file a return and pay tax was sufficient to sustain his conviction under the felony statute. The trial court refused Spies' requested instruction that an affirmative act was necessary to convict Spies of the greater felony offense; the Supreme Court thereupon reversed Spies' conviction. The Supreme Court held that the felony offense differed

from the misdemeanor offense in that the felony offense required "some willful commission in addition to the willful omissions that make up the list of misdemeanors." 317 U.S. at 499, 63 S.Ct. at 368. The Supreme Court continued:

> Willful but passive neglect of the statutory duty [to file a return and to pay tax] may constitute the lesser [misdemeanor] offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony.

*Id.* The Supreme Court concluded, "[W]e think a defendant is entitled to a charge which will point out the necessity for such an inference of willful attempt to defeat or evade tax from some proof in the case other than that necessary to make out the misdemeanors...." 317 U.S. at 500, 63 S.Ct. at 368–69. The Supreme Court later reaffirmed its view that section 7201 requires "an affirmative act constituting an evasion or attempted evasion of tax." *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965).

■ In the instant case, Nelson contends that the trial court's instructions to the jury failed to comport with *Spies* and *Sansone.*[2] The trial court instructed the jury:

> Now, count two, which has to do with 1981, alleges that the affirmative act, as far as concealing is concerned, is that he filed no tax return at all.

Record, Vol. III at 515–16. The trial court also instructed the jury:

> [C]ount two, again, charges that he tried to evade taxes, but, there, it says that, instead return at all, and the reason that he didn't file any return at all was because he was deliberately trying to avoid taxes.

Record, Vol. III at 528. The trial court's instruction falls into the same misconstruc-

---

1. Under the Internal Revenue Code of 1954, any person "who willfully attempts in any manner to evade or defeat ... tax" is guilty of a felony. *See* 26 U.S.C. § 7201. A nearly identical—and for our purposes, the same—provision was found at section 145(b) of the Internal Revenue Code of 1939. A lesser included offense of this felony is the misdemeanor crime of failing to

file a return, supply information, or pay tax. *See* 26 U.S.C. § 7203. Section 7203 was similarly preceded by Internal Revenue Code of 1939 § 145(a).

2. Defendant initially raised his contention that an affirmative act was necessary for conviction under § 7201 at the time of his motion to dis-

tion of sections 7201 and 7203 that *Spies* addressed. The instruction allows the jury to convict the defendant without finding "some willful commission in addition to the willful omissions" proscribed by the misdemeanor statute of failing to file a return. Thus, the trial court erred. Further, the error cannot be deemed harmless, and defendant Nelson's conviction on Count II must be reversed.[3]

REVERSED AND REMANDED.

miss the indictment. Defendant renewed this contention in his motion for acquittal at the conclusion of the Government's case and at the close of all evidence. The issue was again discussed between the trial court and counsel during the discussion on the jury instructions. *See* Fed.R.Crim.P. 30. Moreover, the Government fails to argue that this Court should review Nelson's contentions under the plain error standard and instead invites review under the harmless error standard. *See* Government Br. at 22 ("While it is not conceded that any error is to be found in the charge, the facts make it appropriate to consider the question of harmless error in this connection."). Accordingly, under these circumstances, we accept the Government's invitation to employ the harmless error standard on this appeal.

3.  In a related contention, defendant Nelson contends that the indictment is similarly defective in that it fails to clearly allege an affirmative act. The pertinent parts of the indictment allege that defendant did

> wilfully and knowingly attempt to evade and defeat ... income tax due ... failing to make such income tax return ... and by failing to pay ... said income tax *and by concealing*

*and attempting to conceal* ... his ... taxable income, in violation of Section 7201, Title 26, United States Code.

Here, the indictment alleged an affirmative act (i.e. "concealing and attempting to conceal") as required by *Spies*. Defendant points to the ambiguity in the word "conceal" and argues that the indictment was insufficient. While the indictment here was certainly sparse, in light of our disposition regarding the jury issue, we decline to set aside the indictment. We also note that courts generally have held similar indictments sufficient. *United States v. Bardin,* 224 F.2d 255 (7th Cir.1955); *United States v. England,* 229 F.Supp. 493 (E.D.Ill.1964), *rev'd on other grounds,* 347 F.2d 425 (7th Cir.1965); *United States v. Minker,* 197 F.Supp. 295 (E.D.Pa. 1961), *aff'd,* 312 F.2d 632 (3d Cir.1962), *cert. denied,* 372 U.S. 953, 83 S.Ct. 952, 9 L.Ed.2d 978 (1963); *United States v. Carpenter,* 175 F.Supp. 362 (N.D.Ga.1959). *See Hayes v. United States,* 407 F.2d 189 (5th Cir.), *cert. dism'd,* 395 U.S. 972, 89 S.Ct. 2133, 23 L.Ed.2d 777 (1969); *Lott v. United States,* 309 F.2d 115 (5th Cir.1962), *cert. denied,* 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498 (1963).