UNITED STATES of America, Plaintiff–Appellee,

v.

Donald E. FOURNIER, Defendant–Appellant.

No. 87–3154.

United States Court of Appeals, Seventh Circuit.

Argued June 9, 1988.

Decided Sept. 21, 1988.

Carl F. Schetter, Schetter & Fuhrman, Milwaukee, Wis., for defendant-appellant.

Grant C. Johnson, Asst. U.S. Atty., Madison, Wis., for plaintiff-appellee.

Before EASTERBROOK and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Donald E. Fournier appeals his conviction for attempting to evade and defeat the federal income tax for the tax year 1983 in violation of 26 U.S.C. § 7201. Appellant also seeks a reduction in the sentence of four years imprisonment imposed by the district court.

I

Section 7201 defines the crime of "attempt to evade or defeat tax" in the following manner.

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined no more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

In *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965), the Supreme Court held that "[c]onviction under section 7201 requires proof beyond a reasonable doubt of each of the following elements: (1) the existence of a tax deficiency; (2) willfulness [in attempted evasion of taxes]; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." *See also United States v. Thompson*, 806 F.2d 1332, 1337 (7th Cir.1986); *United States v. Marabelles*, 724 F.2d 1374, 1377–78 (9th Cir. 1984).

Fournier's appeal on the merits of his conviction centers exclusively on the third element of the § 7201 offense identified by the Supreme Court in *Sansone*. He asserts that the district court committed reversible error by failing to adequately instruct the jury as to the necessity under the § 7201 offense of finding an affirmative act in furtherance of the attempt to evade or defeat tax. First, appellant contends that proper instruction of the jury required that it be directly and unequivocally informed that sufficient proof of an "affirmative act" in furtherance of the alleged attempt to evade or avoid tax is required for a § 7201 violation. He claims that one of the instructions he proposed, which was refused by the district court, would have so advised the jury. That proposed instruction states:

> The government must also prove that the defendant acted in an affirmative way to evade or defeat the tax. The conduct must amount to a willful and positive attempt to evade a tax. More than willfulness and the omission of a required act is necessary under this element. The government must prove the existence of the requisite affirmative commission in addition to a willful omission to satisfy this third element.

Appellant next cites two jury instructions given to the jury which he believes exacerbated the district court's refusal to adopt his above-quoted proposed instruction. Government Instruction 13, as given by the

district court, purports to define the term "attempt" as it is used within the statutory definition of the § 7201 offense. The portion of the instruction challenged by Fournier states as follows:

> The word attempt contemplates that the defendant had knowledge and understanding that during the particular tax year involved, he had income which was taxable, and which he was required by law to report; but that he nevertheless attempted to evade or defeat the tax, or a substantial portion of the tax on that income, by *willfully failing to report all the income which he knew he had during that tax year.*

(emphasis added). Fournier maintains that the portion of Government Instruction 13 italicized above does not correctly define an affirmative act of "attempt." Instead, he contends the instruction defines the term "omission."

Government Instruction 14, as given by the district court, states:

> The attempt to evade or defeat the tax must be a willful attempt. The term willfully means voluntarily and intentionally, with a specific intent to keep from paying a tax imposed by the income tax laws which it was the legal duty of the defendant to pay to the government, and which the defendant knew it was his legal duty to pay.

Appellant submits that Government Instruction 14 defines "willful attempt" as a willful failure to pay a tax.

In appellant's view, the failure of the district court to give the affirmative act instruction he proposed, coupled with the submission of Government Instructions 13 and 14 to the jury, left its members with the erroneous impression that they could return a verdict of guilty without finding that he committed an affirmative act constituting an evasion or attempted evasion of the tax. Appellant asserts that those actions by the district court constituted reversible error.

## II

The test in our Circuit for evaluating the propriety of challenged jury instructions is well-established. "It is axiomatic that in determining the propriety of instructions they are to be viewed as a whole. As long as the instructions treat the issues fairly and adequately, they will not be interfered with on appeal." *United States v. Perlaza*, 818 F.2d 1354, 1358 (7th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 176, 98 L.Ed.2d 130 (1987) (quoting *United States v. Patrick*, 542 F.2d 381, 389 (7th Cir.1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977)). *See also United States v. Thibodeaux*, 758 F.2d 199, 202 (7th Cir.1985); *United States v. Croft*, 750 F.2d 1354, 1366 (7th Cir.1984). Thus, in evaluating appellant's objection to Government Instructions 13 and 14 as given by the district court and his challenge to the district court's refusal of the "affirmative act" instruction he proposed, we must view those instructions within the context of the entire body of instructions submitted to the jury. Our task is to determine whether that body of instructions fairly and adequately communicated to the jury the elements of the § 7201 offense the government was required to prove beyond a reasonable doubt.

█ Fournier correctly states the law with regard to § 7201 when he maintains that conviction on a § 7201 charge requires a finding of an affirmative act constituting an evasion or attempted evasion of the tax. If the district court failed to make clear to the jury that a § 7201 conviction requires proof beyond a reasonable doubt of something more than the mere act of failing to file a return or report income, error would have occurred. However, that is not the case.

█ Careful examination of the entire body of instructions given to the jury reveals that in addition to the instruction that addresses the meaning of the word "attempt" (Government Instruction 13) and the instruction that defines the word "willfully" (Government Instruction 14), the following instruction as to the elements of the § 7201 offense was also given to the jury.

To sustain the charge of attempting to evade or defeat a tax, the government must prove the following propositions:

First, a tax was due and owing by defendant;

Second, defendant intended to evade or defeat the payment of the tax;

Third, defendant willfully did some act in furtherance of this intent.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Although it is not a verbatim recitation, the above § 7201 instruction closely tracks the Seventh Circuit Federal Criminal Jury Instruction for that offense.[1] It is beyond dispute that the instruction given by the district court as to the necessary elements of the § 7201 offense correctly states the three elements of the crime. Certainly, the phrase "willfully did some act" is a fair and adequate synonym for the term "affirmative act."

In his brief, appellant did not discuss the model Seventh Circuit instruction. The district court's refusal to adopt the "affirmative act" instruction proposed by Fournier was not error. That instruction was redundant with the model Seventh Circuit instruction in regard to the third element of the crime proscribed by § 7201 and it was not necessary to ensure a fair determina-

tion of appellant's guilt or innocence of that offense.

## III

■ Appellant also takes issue with the length of the sentence imposed on him by the district court as a result of his conviction of the § 7201 offense. It is well-established that the district court's "discretion to impose a lawful sentence is plenary in the absence of irregularities." *United States v. Kerley*, 838 F.2d 932, 940 (7th Cir.1988). "[A] sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review, unless predicated upon misinformation or constitutionally impermissible considerations." *United States v. Bramlet*, 820 F.2d 851, 857 (7th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 175, 98 L.Ed.2d 129 (1987) (citing *Gore v. United States*, 357 U.S. 386, 393, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405 (1958); *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972)). *See also United States v. Ford*, 840 F.2d 460, 466 (7th Cir.1988); *United States v. Hoffman*, 806 F.2d 703, 713 (7th Cir.1986), *cert. denied*, 481 U.S. 1005, 107 S.Ct. 1627, 95 L.Ed.2d 201 (1987). "([A court of appeals] 'may not change or reduce a sentence imposed within the applicable statutory limits on the ground that the sentence was too severe unless the trial court relied on improper or unreliable information in exercising its discretion or failed to exercise any discretion at all in imposing the sentence.'" quoting *United States v. Fleming*, 671 F.2d 1002, 1003 (7th Cir.1982) (footnote omitted)).

---

1. The Seventh Circuit Federal Criminal Jury Instruction for the 26 U.S.C. § 7201 offense states as below.

To sustain the charge of attempting to evade or defeat a tax, the government must prove the following propositions:

First, a tax was due and owing by the defendant in addition to that declared on his tax return;

Second, the defendant intended to evade or defeat the assessment or payment of the additional tax; and

Third, the defendant willfully did some act in furtherance of this intent.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Committee on Federal Criminal Jury Instructions of the Seventh Circuit, *Federal Criminal Jury Instructions*, Volume III 138–39 (1986).

152

Donald Fournier was sentenced to four years imprisonment. The maximum statutory penalty for an individual who violates 26 U.S.C. § 7201 is a $100,000 fine and/or five years imprisonment. Fournier does not claim that the district judge based his sentencing decision on improper information and/or constitutionally impermissible considerations, or that he failed to exercise discretion. He contends only that the sentence was unreasonably harsh in light of his status as a first-time offender with no prior criminal record. Appellant fails to state a ground warranting reduction of the sentence imposed on him by the district court.

### IV

The district court did not commit reversible error in instructing the jury or imposing sentence on appellant. The judgment of the district court is affirmed.