**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Singh MAL, Defendant–Appellant.**

**No. 90–50233.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 1991 *.

Decided Aug. 21, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Patrick Sampair, MacPherson & McCarville, Phoenix, Ariz., for defendant-appellant.

Gregory A. Vega, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before PREGERSON, HALL and BRUNETTI, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Robert Singh Mal appeals his conviction of four counts of tax evasion in violation of 26 U.S.C. § 7201. He alleges that the district court failed properly to instruct the jury on the "affirmative act" requirement of § 7201. Mal's additional allegations of error are based on his contention that

§ 7201 proscribes two separate and distinct offenses: the evasion of the assessment of tax and the evasion of the payment of tax. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We affirm.

## I

Mal is a steam fitter. From 1982 through 1986, he worked for various construction companies in Southern California, earning annual salaries that ranged between $26,623.82 and $49,735.20. In each of those years, he filed W–4 forms with his employers claiming he was exempt from federal income tax withholding, paid no tax, and filed no income tax returns. He was indicted on February 3, 1989 with five counts of tax evasion under 26 U.S.C. § 7201, one for each calendar year. At trial, he testified that he believed he was exempt from taxes because his income was offset by moving expenses, interest payments, and alimony and child support obligations. He was acquitted by a jury on Count 1 (evasion of taxes due for calendar year 1982) and convicted on the remaining counts, receiving a sentence of twenty months in custody and five years probation.

## II

Mal first argues that the jury was not properly instructed that an "affirmative act" was required for his conviction under § 7201.

Section 7201 proscribes the felony offense of willful tax evasion.[1] What distinguishes that offense from the misdemeanor offense of willful failure to file a return, supply information, or pay taxes, which is set out in 26 U.S.C. § 7203,[2] is the requirement of an affirmative act. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965); *Spies v. United States*, 317 U.S. 492, 496, 63 S.Ct. 364, 366, 87 L.Ed. 418 (1943). While both offenses require a deficiency and willfulness, to be convicted under § 7201, a defendant must also engage in "an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone*, 380 U.S. at 351, 85 S.Ct. at 1010. As the *Sansone* Court explained,

> [T]he difference between a mere willful failure to pay a tax (or perform other enumerated actions) when due under § 7203 and a willful attempt to evade or defeat taxes under § 7201 is that the latter felony involves "some willful commission in addition to the willful omissions that make up the list of misdemeanors."

*Id.* at 351, 85 S.Ct. at 1010 (quoting *Spies*, 317 U.S. at 499, 63 S.Ct. at 368).

In *Sansone*, for example, the defendant willfully understated his income, conduct which alone was sufficient to constitute a violation of § 7203. His filing of a false tax return containing that misinformation "constituted a sufficient affirmative commission" to elevate his misconduct to a felony under § 7201. When a defendant willfully files no tax return at all, "a prior, concomitant or subsequent false statement" may elevate that misdemeanor offense to the level of a § 7201 felony. The

---

**1.** Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.
   26 U.S.C. § 7201 (1988).

**2.** Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution.
   26 U.S.C. § 7203 (1988).

act of filing a false and fraudulent tax withholding certificate, although in itself a misdemeanor, "constitutes valid and sufficient evidence of willful commission," *United States v. Copeland,* 786 F.2d 768, 770 (7th Cir.1985), to subject the defendant to felony prosecution.

■ A district court commits reversible error when it fails properly to instruct on the affirmative act requirement because absent a sufficient instruction, the government may be relieved of its burden of proving each of the elements of a § 7201 offense beyond a reasonable doubt. *See United States v. Masat,* 896 F.2d 88, 97–99 (5th Cir.1990); *United States v. Fournier,* 861 F.2d 148, 150 (7th Cir.1988); *United States v. Nelson,* 791 F.2d 336, 337–38 (5th Cir.1986).

■ Mal was alleged to have violated § 7201 by (1) failing to file tax returns; (2) failing to pay tax; and (3) filing a false W–4 form. His filing of a false W–4 form constitutes a sufficient affirmative act to support a felony tax evasion prosecution. *See Copeland,* 786 F.2d at 770. The jury was given the following instruction defining the elements of the offense:

> To establish the offense of attempting to evade and defeat a tax, the government is required to prove beyond a reasonable doubt the following three elements:
>
> First, that the income tax was due and owing from the government;
>
> Two, *an affirmative attempt in any manner to evade or defeat an income tax;* and
>
> Thirdly, that the defendant's attempt to evade and defeat the tax was willful.

R.T. 582 (emphasis added). The jury was also instructed that an "attempt to evade and defeat a tax"

> involves two things: First, the intent to evade or defeat a tax; and second, *some act willfully done in the furtherance*

*[of] such an intent.* So the word "attempt" contemplates that the defendant had knowledge and understanding that he had an income which was taxable and which he was required by law to report, but that he nevertheless attempted to evade or defeat the tax thereto, or a substantially portion thereof, by willingly failing to report all of the income which he knew he had during such calendar year, or which he knew it was his duty under the law to state in his return for such years; or in some other way or manner.

R.T. 583–84 (emphasis added).

Mal argues that the instructions failed adequately to explain that an affirmative act must be a commission rather than an omission. Second, he points to two passing references in the instructions—one in the definition of "attempt" quoted above and another in the enumeration of the charges in the indictment [3]—which describe conduct constituting omissions. He contends that his conviction should be reversed because these errors "left open the possibility" that the jury may have convicted him solely on the basis of an omission rather than an affirmative act.

Mal goes to considerable lengths to analogize his case to *Masat.* There, the Fifth Circuit reversed a § 7201 conviction because the jury instructions did not clearly explain that affirmative acts of evasion were required and there was clear evidence that the jury was confused about the affirmative act requirement. The jury was initially told that there are only two elements of tax evasion: a tax deficiency and a willful attempt to evade. Twice during their deliberations they requested clarification on the difference between "tax evasion" and "refusing to pay taxes." Despite their obvious confusion, the court "never squarely told the jury that an affirmative act other than failure to file was necessary for conviction." 896 F.2d at 99. Rather,

---

**3.** Various schemes, subterfuges, and devices may be resorted to in an attempt to evade or defeat a tax. The ones alleged in the indictment are *failing to make an income tax return as required by law, failing to pay the income tax,* and filing with his employer knowingly false employee's withholding allowance certificates (Forms, W–4) with the intent to evade or defeat the tax.

R.T. 584 (emphasis added).

the answers it gave "left the impression that failure to file plus willfulness would be sufficient." *Id.* Because it was clear that the jurors "could have found [the defendant] guilty solely on the basis of an omission, failure to file, rather than an affirmative act," *id.* at 97, reversal was warranted.

■ Because at trial Mal neither objected to the jury instructions nor requested an alternate instruction, we review for plain error.[4] Instructions are to be viewed as a whole, in the context of the entire trial, to determine whether they were misleading or inadequate. *United States v. Arvin,* 900 F.2d 1385, 1390 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 672, 112 L.Ed.2d 664 (1991).

■ Examining the trial as a whole, we conclude that the instructions given the jury did not constitute plain error. Unlike *Masat,* the jury was clearly and properly instructed on the elements of a § 7201 violation. Although the instructions did not state that an affirmative act requires a commission rather than an omission, the phrase "affirmative attempt," coupled with an instruction which defined "attempt" as "some act willfully done," taken as a whole "fairly and adequately communicated to the jury the elements of the § 7201 offense the government was required to prove beyond a reasonable doubt." *Fournier,* 861

F.2d at 149. Given this clear definition of the elements of the offense, the fact that the jury instructions contained isolated references to omissions does not suggest that the jury misunderstood the affirmative act requirement. *See id.* Unlike *Masat,* there is no evidence in the record that the jury was confused as to the elements of the crime and likely convicted Mal on the basis of an omission rather than an affirmative act. Indeed, both the government, in its opening and closing arguments, and Mal, in his closing argument, made clear to the jury that willful failure to file a tax return, standing alone, was not enough to constitute tax evasion. R.T. 5, 526, 531, 533, 538.

### III

■ Mal contends that § 7201 proscribes the separate and distinct crimes of evasion of the assessment of tax and evasion of the payment of tax. He argues that the indictment was duplicitous because it charged him with both crimes.[5] He also argues that the indictment was vague and ambiguous because it failed to make clear with which crime he was charged. Because we hold that § 7201 proscribes the single crime of tax evasion, a crime which can be committed either by evading the assessment or the payment of taxes, we reject his contentions.

4. Contrary to his claim on appeal, Mal never objected at trial to the adequacy of the court's instructions. His counsel attempted to clarify the specific intent instruction by offering additional language, but he twice stated at the time that he had no objection to that instruction in particular or to the instructions as a whole. R.T. 394–95. Otherwise, at no time did he argue before the district court that the instructions failed adequately to instruct the jury on § 7201's affirmative act requirement.

5. Each of the five counts in the indictment, which varied only by year, residence, and amounts of taxable income, alleged,

    [t]hat during the calendar year ___, defendant ROBERT SINGH MAL, a resident of ___, California, had and received taxable income in the sum of approximately $___; that upon said taxable income there was owing to the United States of America an income tax of approximately $___; that well knowing and

believing the foregoing facts, defendant ROBERT SINGH MAL, on or about April 15, ___, in the Southern District of California, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 15, ___, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by filing a false and fraudulent Employee Withholding Allowance Certificate (Form W–4) wherein he claimed he was exempt from the withholding of federal income tax.

    In violation of Title 26, United States Code, Section 7201.

Mal concedes that much of the conduct alleged in the indictment constitutes evasion of assessment. He argues, however, that the reference to his failure to pay income tax due and owing constitutes a reference to evasion of payment.

## A

In *Sansone,* the Supreme Court described § 7201 as including "the offense of willfully attempting to evade or defeat the *assessment* of tax as well as the offense of willfully attempting to evade or defeat the *payment* of a tax." 380 U.S. at 354, 85 S.Ct. at 1011 (emphasis in original). A number of courts, including this one, have similarly characterized tax evasion prosecutions under § 7201 either as evasion of assessment or evasion of payment cases. *See, e.g., United States v. Hogan,* 861 F.2d 312, 315 (1st Cir.1988) (payment); *United States v. Conley,* 826 F.2d 551, 557 (7th Cir.1987) (payment); *United States v. Dack,* 747 F.2d 1172, 1174 (7th Cir.1984) (assessment); *United States v. Voorhies,* 658 F.2d 710, 713 (9th Cir.1981) (payment); *United States v. England,* 347 F.2d 425, 427 (7th Cir.1965) (payment); *Cohen v. United States,* 297 F.2d 760, 762 (9th Cir.) (payment), *cert. denied,* 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962).

Evasion of assessment generally involves efforts to prevent or deter the government from determining tax liability prior to an assessment, for example by "failing to file a return, filing a false return, failing to keep records, concealing income or other means." *Cohen,* 297 F.2d at 770. Evasion of payment, by comparison, generally involves conduct designed to place assets beyond the government's reach after a tax liability has been assessed, such as by transferring assets abroad, placing assets in the names of others, or using cash transactions to conceal the existence of assets. *See, e.g., Conley,* 826 F.2d at 556–58; *Voorhies,* 658 F.2d at 714; *Cohen,* 297 F.2d at 762.

## B

While numerous courts have identified § 7201 prosecutions as either evasion of assessment or evasion of payment cases, only three courts have considered whether evasion of assessment and evasion of payment constitute separate and distinct crimes, such that they may not be charged in a single count of an indictment.

The Fifth Circuit in *Masat* was the first to do so. Without citing *Sansone* or any other case, the court bluntly rejected a claim that an indictment charging conduct constituting both evasion of assessment and evasion of payment was duplicitous.

> The "two crimes" of which Masat contends he was charged come from one statute, indeed from one sentence. In truth, there is one crime, the evasion of taxes, and it is of no moment that both assessment and payment might have been evaded.

896 F.2d at 91.

The Seventh Circuit similarly gave short shrift to a duplicity argument in *United States v. Dunkel,* 900 F.2d 105 (7th Cir. 1990), *vacated and remanded on other grounds,* —— U.S. ——, 111 S.Ct. 747, 112 L.Ed.2d 768 (1991). It held that "[s]ection 7201 creates only one *crime:* tax evasion. Just as you can rob a bank in a dozen ways . . . so you can evade taxes in multiple ways." *Id.* at 107 (emphasis in original). The court characterized *Sansone*'s discussion of the two offenses of § 7201 as a convenient means of referring to different "methods" of committing the same crime. It concluded that *Sansone* did not preclude the government from alleging both methods of tax evasion in a single count of an indictment.

> [N]othing in the text or history of § 7201 requires an indictment to treat § 7201 as if it were two sections of the United States Code. The grand jury must let the accused know the nature and basis of the charge. Dunkel's indictment did so: it listed six specific ways in which he evaded taxes (five in 1981, three in 1983, with two methods used in each year). He knew exactly what he had to prepare against, and the jury knew its role as well.

*Id.* at 107.

The First Circuit, however, has questioned the reasoning of these cases. Faced with the identical issue in *United States v. Waldeck,* 909 F.2d 555, 568 (1st Cir.1990), it declined to "either ignore or shunt *Sansone* aside." It avoided having to rule on the issue by finding that the indictment

before it charged only evasion of assessment and that the course of trial made clear to the jury that the defendant was charged with evasion of assessment rather than evasion of payment. *Id.*

## C

To determine whether a single penal statute proscribes separate and distinct crimes we consider, among other factors, the language of the statute, the statutory context, and the nature of the proscribed conduct. *See United States v. UCO Oil Co.,* 546 F.2d 833, 836–38 (9th Cir.1976), *cert. denied,* 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977); *see also United States v. Shorter,* 809 F.2d 54, 57 (D.C.Cir.), *cert. denied,* 484 U.S. 817, 108 S.Ct. 71, 98 L.Ed.2d 35 (1987).

Nothing in the text of § 7201 suggests that Congress intended to define two distinct crimes. The statute describes evasion of assessment ("to evade or defeat any tax") and evasion of payment ("or the payment thereof") in a single sentence and imposes a single penalty for either act, a construction which indicates that Congress did not mean to create more than one offense. *See UCO Oil,* 546 F.2d at 836.

We next look to the statutory context. *Id.* at 837. Congress intended § 7201 to be a broad, inclusive prohibition of tax evasion. As the Supreme Court observed in *Spies v. United States,*

> Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation. Nor would we by definition constrict the scope of the Congressional provision that it may be accomplished "in any manner."

317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943). We likewise decline to constrict the scope of § 7201 by defining "tax evasion" as two separate and distinct crimes.

Finally, we look to the nature of the proscribed conduct. *UCO Oil,* 546 F.2d at 837. Evasion of payment and evasion of assessment are not distinctly different kinds of conduct. Not only are they commonly regarded as methods of "tax evasion," but they frequently overlap. For example, if a defendant transfers assets to prevent the IRS from determining his true tax liability, he has attempted to evade assessment; if he does so after a tax liability has become due and owing, he has attempted to evade payment. Either act violates § 7201. Similarly, the filing of a false W–4 form has been characterized as "evidence of either evasion of assessment of tax or evasion of payment of tax or both." *Waldeck,* 909 F.2d at 560.

■ We thus conclude that § 7201 charges only the single crime of tax evasion, and that an individual violates the statute either by evading the assessment or the payment of taxes. Absent two crimes, Mal's allegations of error fail. Where, as here, a statute defines a single crime, it is proper "to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment." *UCO Oil,* 546 F.2d at 838. The indictment, therefore, was not duplicitous. We also reject Mal's contention that it was vague and ambiguous.

Neither the Supreme Court's decision in *Sansone* nor our decision in *Voorhies* is to the contrary. We agree with the Seventh Circuit that the Supreme Court in *Sansone* was referring to two different " 'methods' " of committing the same crime. *Dunkel,* 900 F.2d at 107. Similarly, in *Voorhies,* we noted in passing that § 7201 proscribes both evasion of assessment of tax and evasion of payment of tax, 658 F.2d at 713, but we did not purport to determine whether they are two separate and distinct crimes. The only case which might be read to suggest that they are distinct crimes is our decision in *Cohen.* There, we considered whether successive prosecutions for evasion of assessment and evasion of payment for the same tax years constituted double jeopardy. While in dicta we suggested that § 7201 defines two crimes, our holding rested on the fact that the two prosecutions were based on separate and distinct conduct and thus did not violate the Double Jeopardy Clause. 297

F.2d at 770–71. Nothing in *Cohen* bars our decision today to follow the Fifth and Seventh Circuits in holding that § 7201 proscribes a single crime—tax evasion—which may be accomplished either by evading the assessment of tax or the payment of tax.

**D**

█ Mal argues in the alternative that he was charged only with evasion of assessment and that the indictment was constructively amended by instructions which referred to both assessment and payment. "A constructive amendment occurs when the crime charged is substantially changed at trial so it is impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Pisello,* 877 F.2d 762, 765 (9th Cir.1989) (citation omitted). He also argues that the instructions were constitutionally infirm since the court failed to instruct the jury that evasion of assessment and evasion of payment are two distinct crimes. Having rejected Mal's claim that § 7201 constitutes two separate and distinct crimes, we summarily reject these contentions as well.

**IV**

█ Mal's final claim is for ineffective assistance of counsel. He alleges that because of his counsel's unfamiliarity with tax evasion prosecutions he failed properly to object to the affirmative act instructions and to certain aspects of the jury instructions.

The customary procedure for raising an ineffective assistance of counsel claim in this circuit is by collateral attack under 28 U.S.C. § 2255. *United States v. Rewald,* 889 F.2d 836, 859 (9th Cir.1989), *amended,* 902 F.2d 18, *cert. denied,* —— U.S. ——, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990). When, however, as here, the record is sufficiently complete to allow us to do so, we may address the merits of an ineffective assistance of counsel on direct appeal. *United States v. O'Neal,* 910 F.2d 663, 668 (9th Cir.1990); *Rewald,* 889 F.2d at 859.

We find no merit in Mal's contentions. Under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d

674 (1984), he must establish both deficient performance and resulting prejudice. We need not address both prongs if a defendant makes an insufficient showing about one. *Id.* at 697, 104 S.Ct. at 2069. We conclude that Mal has failed to establish prejudice, for had his counsel made the arguments raised in this appeal, the result of the proceeding would not have been different. *Id.* at 694, 104 S.Ct. at 2068.

AFFIRMED.