963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Edwin UHLER, Defendant-Appellant.
 No. 90-50518.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1992.
Decided May 19, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Uhler appeals from his conviction, following a jury trial, of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and of multiple counts of aiding and abetting, conspiracy, and subscribing to false income tax returns. All counts involved endeavors to import marijuana by ship to the United States from Asia. He also appeals his sentence.
 
 
 3
 The principal legal contention is that his convictions on counts 8 and 13 were unlawfully obtained because the statute allegedly violated, 21 U.S.C. § 841(a)(1), does not apply beyond the territorial waters of the United States. The decision is controlled by this court's recent decision in United States v. Larson, 952 F.2d 1099 (9th Cir.1991). The statute does apply extraterritorially to the trafficking of drugs for importation to the United States from international sources. Indeed, Larson concerned the same international marijuana smuggling operation involved in this case.
 
 
 4
 Uhler also contends that insufficient evidence supported his convictions for conspiracy to import, possess, and distribute marijuana as charged in counts 5, 6, and 7. These contentions are moot because during the sentencing hearing the district court vacated these convictions on the ground that they were predicate acts for the continuing criminal enterprise conviction based on count 14. Uhler does not contest on appeal the sufficiency of the evidence underlying his continuing criminal enterprise conviction.
 
 
 5
 Uhler contends that the district court erred by permitting Assistant United States Attorney Russell Hayman to testify as to the statements of co-conspirator Terry Dee before the grand jury. The record reflects that to the extent the statements were hearsay, the district court admitted them as statements made in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(e); see Bourjaily v. United States, 483 U.S. 171, 175 (1987). There was no abuse of discretion.
 
 
 6
 Uhler next maintains that the district court should have given his requested instruction on the credibility of witnesses receiving some benefit from the government. The requested instruction was aimed at the testimony of government witness Paul Greyshock, who had been told that if he cooperated with the government he would be resentenced. The district court did instruct the jury concerning the testimony of convicted felons, accomplices, and co-defendants who have pleaded guilty. These instructions adequately permitted the defendant to attack Greyshock's credibility.
 
 
 7
 Uhler's contention that the district court did not correctly instruct the jury that he was charged specifically with possession with intent to distribute marijuana is also without merit. The government's instruction, which the district court adopted, correctly recited the language of the statute. At trial the defendant withdrew his objection to this instruction. The original objection was not well taken and there is no plain error.
 
 
 8
 Uhler's final contention with respect to instructions is that the district court, by instructing the jury on aiding and abetting in connection with the offenses that made up the predicate acts of the continuing criminal enterprise charge, gave the jury the mistaken impression that he could be convicted on the CCE charge as an aider and abettor. The district court's instructions on the CCE charge were separate instructions that made no mention of aiding and abetting. Thus the instructions were not misleading. United States v. Armstrong, 909 F.2d 1238, 1243 (9th Cir.), cert. denied, 111 S.Ct. 191 (1990) (no reversible error where instructions, taken as a whole, are not misleading or inaccurate).
 
 
 9
 The defendant raises an ineffective assistance of counsel claim, but in the record before us on a direct appeal, we are unable to conclude there was ineffective assistance of counsel. See United States v. Mal, 942 F.2d 682, 689 (9th Cir.1991); United States v. Laughlin, 933 F.2d 786, 788-89 (9th Cir.1991).
 
 
 10
 With respect to the sentence, Uhler contends that the district court erred in applying the 20-year mandatory minimum sentence authorized by 21 U.S.C. § 848. During the course of the criminal enterprise at issue here, the statute was amended to increase the mandatory minimum sentence from ten years to twenty years. This amendment became effective November 18, 1988. Because predicate acts underlying the continuing criminal enterprise were committed after the effective date of the amendment, Uhler was properly sentenced in accordance with the amended statute. Count 12, one element of the CCE, charged continued involvement in a conspiracy to import marijuana until December of 1988. The jury returned a guilty verdict as to this charge. The district court properly imposed the 20-year mandatory minimum sentence under 21 U.S.C. § 848 because the conspiracy alleged in count 12 was ongoing when the statute was amended.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3