968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley Frank BARSKI, Defendant-Appellant.
 No. 91-50615.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1992.
Decided July 1, 1992.
 
 Before ALARCON, NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stanley Barski appeals his conviction and sentence for tax evasion. We affirm.[1]
 
 
 3
 * Barski first argues that the district court should have dismissed the indictment as duplicitous. The indictment charged Barski with five counts of attempting to evade taxes on the ground that, for the five years spanning 1985-89, he filed a W-4 form claiming to be exempt from income taxes and failed to file an income tax return. Barski argues that the indictment is duplicitous in that it charges him with the distinct crimes of evasion of assessment and, by implication from the reference to his failure to pay, evasion of payment. As Barski acknowledges, we rejected this exact argument in United States v. Mal, 942 F.2d 682, 688 (9th Cir.1991). We disagreed with the assumption that the statute created the distinct crimes of evasion and failure to pay. We held that the statute defines a single crime and that "it is proper 'to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment.' " Id. (quoting United States v. UCO Oil, 546 F.2d 833, 838 (9th Cir.1976)). Barski argues that we should reconsider Mal. As a regular three judge panel, however, we are without authority to do so. Barski is free, of course, to make this argument in a suggestion for rehearing en banc.
 
 II
 
 4
 Barski next argues that the district court erred by barring his defense that he did not willfully violate the tax laws because he believed they violated the Constitution. The district court limited Barski's evidence that he believed that the tax code's deductions and exemptions violate the Apportionment Clause and that the requirement to file a return violates the right against self-incrimination in the Fifth Amendment and the right to privacy in the Fourth Amendment.
 
 
 5
 "The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." Cheek v. United States, 111 S.Ct. 604, 609 (1991). The Supreme Court has carved out a limited exception to this general rule for arguments based on the "complexity of the tax laws." Id. at 609. However, Cheek explicitly declined to extend this exception to arguments that provisions of the tax code are unconstitutional.
 
 
 6
 [Such constitutional arguments] reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable.... We do not believe that Congress contemplated that such a taxpayer, without risking criminal prosecution, could ignore the duties imposed upon him by the Internal Revenue Code and refuse to utilize the mechanisms provided by Congress to present his claims of invalidity to the courts and to abide by their decisions.
 
 
 7
 Id. at 612-13.
 
 
 8
 The Court stated that the taxpayer in Cheek could have paid his tax and litigated in district court or refused to pay his tax and challenged the deficiencies in Tax Court. Id. at 613.
 
 
 9
 Similarly, Barski could have paid his taxes and raised his argument about the Apportionment Clause in district court. If he wished to rely on the Fourth Amendment right to privacy and the Fifth Amendment right against self-incrimination to escape the statutory requirement to file a return, then he could have refused to file a return and challenged the claim of tax deficiencies in Tax Court.
 
 
 10
 Barski misplaces reliance on footnote 10 of Cheek for the proposition that the Court contemplated defenses to tax evasion charges based on a Fifth Amendment privilege against self-incrimination. Cheek, 111 S.Ct. at 612 n. 10. In that footnote, the Court discussed United States v. Murdock, 290 U.S. 389 (1933), in which a defendant appealed his conviction for "refusing to give testimony and supply information contrary to the pertinent provisions of the Internal Revenue Code." Cheek, 111 S.Ct. at 612 n. 10. Cheek stated that "Murdock's asserted belief was grounded in the Constitution, but it was a claim of privilege not to answer, not a claim that any provision of the tax laws were unconstitutional, and not a claim for which the tax laws provided procedures to entertain and resolve." Id. (emphasis supplied). Barski, in contrast, is not defending a charge of failure to provide information, but rather a failure to pay taxes. While the laws applicable in Murdock did not afford Murdock a procedure to challenge the order to provide information, Cheek explicitly stated that current tax laws allow a taxpayer to challenge a claim of deficiency in Tax Court without filing a return. Cheek, 111 S.Ct. at 613. Accordingly, the district court did not err in barring a defense based on Barski's constitutional beliefs about the tax laws.
 
 III
 
 11
 Barski next argues that the district court erred in denying his request for two jury instructions. The district court denied Barski's requests to give an instruction on the effect of a plea of not guilty in Devitt and Blackmar (3d ed. 1977) § 13.07[2] and its reasonable doubt instruction, id. § 11.14.[3]
 
 
 12
 It was not necessary to give the instruction that a plea of not guilty places the burden on the government to prove every element of the crime beyond a reasonable doubt. It was adequate that the district court in this case, in discussing each element of the crime, stated that the government had to prove the element beyond a reasonable doubt.
 
 
 13
 We also hold that it was not error for the district court, in lieu of the requested instruction on reasonable doubt, to give Ninth Circuit Instruction 3.03.[4] This instruction "does not detract from the heavy burden suggested by the use of the term 'reasonable doubt' standing alone." United States v. Nolasco, 926 F.2d 869, 873 (9th Cir.) (en banc), cert. denied, 112 S.Ct. 111 (1991).
 
 
 14
 Barski misplaces his reliance on United States v. Jaramillo-Suarez, 950 F.2d 1378 (9th Cir.1991), for the proposition that the instruction given here is error under Nolasco. The district court in Jaramillo-Suarez gave an instruction that used language referring to what "an ordinary person would be willing to ... [do in] the most important decisions in his or her own life," which we had previously found less desirable than language that spoke of hesitating to act. Id. at 1385-86. There is no indication that we have previously expressed any misgivings about the instruction given in this case, and we express none now.[5]
 
 IV
 
 15
 Barski next argues that the district court erred in imposing a fine of $25,000. Barski argues that the maximum fine under the Guidelines is $20,000. He argues that the district court therefore departed from the Guidelines and that sentencing should be remanded to require the district court to give reasons for departure.
 
 
 16
 Barski misreads the Guidelines in effect at the time of his sentencing. Under the 1990 Guidelines, which govern Barski's sentencing, the maximum fine is "the greater of (A) the amount shown in column B of the table below; (B) twice the gross pecuniary loss caused by the offense; or (C) three times the gross pecuniary gain to all participants in the offense." § 5E1.2(c)(2).[6] It is undisputed that the loss in this case was $35,884 in unpaid taxes. Therefore, the maximum fine would be three times that amount: $107,652. Accordingly, the district court did not depart from the Guidelines in imposing a fine of $25,000.
 
 
 17
 Accordingly, and for the reasons set forth in our per curiam opinion filed today, the district court's judgment of conviction and sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We address one of Barski's other arguments regarding his sentence in a per curiam opinion filed today
 
 
 [2]
 "The defendant has pleaded "not guilty" to the charge contained in the indictment. This plea puts in issue each of the ____ essential elements of the offense as described in these instructions, and imposes on the government the burden of establishing each of these elements by proof beyond reasonable doubt."
 
 
 [3]
 "[P]roof beyond a reasonable doubt must therefore be proof of such convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her affairs."
 
 
 [4]
 A reasonable doubt is a doubt based upon reason and common sense and m ay arise from a careful and impartial consideration of all of the evidence or from lack of evidence. Proof beyond a reasonable doubt is proof that le aves you firmly convinced that the defendant is guilty
 If, after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.
 Reporter's Transcript 389-390.
 
 
 [5]
 Prior to the en banc decision in Nolasco, in a case in which defendant did not object to the instruction at trial, a panel of this court held that it was not plain error to give the "firmly convinced" instruction to which Barski objects. United States v. Bustillo, 789 F.2d 1364, 1368 (9th Cir.1986). Because Barski did object, that case is not controlling
 
 
 [6]
 Amendment 384 to the Guidelines deleted the rule allowing calculation of the maximum fine as the greater of the amount shown in table B, twice the pecuniary loss, or three times the pecuniary gain to all participants. United States Sentencing Commission, Guidelines Manual Appendix C 211. Amendment 384 does not apply to Barski, however, because its effective date was November 1, 1991, id., and Barski was sentenced on August 26, 1991