978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Richard NOWLAND, Defendant-Appellant.
 No. 90-10478.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith Richard Nowland appeals his sentence following his guilty plea to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. Nowland contends that he received ineffective assistance of counsel because his attorney failed to file timely objections to the presentence report. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss Nowland's appeal.
 
 
 3
 This court generally will not review challenges to the effectiveness of defense counsel on direct appeal; this issue is more appropriately reserved for a collateral attack under 28 U.S.C. § 2255, where facts outside the record may be fully developed and counsel may have an opportunity to explain his or her actions. United States v. Mal, 942 F.2d 682, 689 (9th Cir.1991); United States v. Laughlin, 933 F.2d 786, 788-89 (9th Cir.1991). This court will review ineffective assistance claims on direct appeal "only if 'the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel' and 'the trial court's failure to take notice sua sponte of the problem' amounted to plain error." Laughlin, 933 F.2d at 789 n. 1 (quoting United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987)); see also United States v. Miskinis, 966 F.2d 1263, 1269 (9th Cir.1992) ("the decision to defer resolution of an ineffective assistance of counsel claim is a discretionary one and depends upon the contents of the record in a particular case"); cf. Mal, 942 F.2d at 689 (addressing ineffective assistance claim on direct appeal because record was sufficiently complete).
 
 
 4
 To establish ineffective assistance of counsel, a defendant must establish both deficient performance by counsel and resulting prejudice. Mal, 942 F.2d at 689 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). An attorney's tactical decisions are essentially unreviewable. Strickland, 466 U.S. at 690; United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.), cert. denied, 474 U.S. 979 (1985).
 
 
 5
 Here, objections to the presentence report were due by May 30, 1990. Nowland's counsel did not file the objections until August 16, 1990. In the objections, Nowland sought to challenge (1) the four level increase in his base offense level for being an organizer or leader, and (2) the amount of methamphetamine involved in the conspiracy. Nowland's contention that the failure to make timely objections prejudiced him could benefit from an explanation by counsel and from further development of the record on the issue of prejudice. See Mal, 942 F.2d at 689; Laughlin, 933 F.2d at 788-89. Accordingly, we decline to consider Nowland's ineffective assistance claim on direct appeal, and he is free to raise the claim by way of a 28 U.S.C. § 2255 petition.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3