978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald F. HIGHFILL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sherry HIGHFILL, Defendant-Appellant.
 Nos. 90-50278, 90-50279.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 10, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald F. Highfill and Sherry F. Highfill appeal pro se their jury convictions for tax evasion in violation of 26 U.S.C. § 7201. We affirm.
 
 I. DISTRICT COURT JURISDICTION
 
 3
 The Highfills argue that the district court lacked jurisdiction to hear their case because federal tax laws did not apply to them as "common-law state citizens" of California and "non-resident aliens" of the United States.
 
 
 4
 In In re Becraft, we held the argument that federal income tax laws are not applicable to state residents because federal jurisdiction is limited to United States territories and the District of Columbia "has no semblance of merit." 885 F.2d 547, 548 n. 2 (9th Cir.1989)
 
 
 5
 This case involved a violation of 26 U.S.C. § 7201, which is a violation of the federal income tax laws. The district court had jurisdiction under 18 U.S.C. § 3231, which explicitly vests the district courts with jurisdiction over "all offenses against the laws of the United States." See United States v. Mal, 942 F.2d 682, 684 (9th Cir.1991) (the district court had jurisdiction pursuant to 18 U.S.C. § 3231, over allegations based on section 7201).
 
 II. VIOLATION OF 26 U.S.C. § 6103(h)(5)
 
 6
 Next, the Highfills argue they were denied their right to due process because they were not given complete information about all of the potential jurors.
 
 
 7
 Information was obtained about all but thirteen potential jurors. The district court offered to dismiss the jurors for which no information had been obtained. In addition, the district court conducted a detailed voir dire to ensure that all relevant information about the jurors was obtained. The Highfills were unable to show any evidence of prejudice. Detailed voir dire, such as the district court conducted in this case, overcomes any risk of prejudice arising out of a failure to comply with section 6103(h)(5). See United States v. Hardy, 941 F.2d 893, 895-96 (9th Cir.1991). Any error from noncompliance with section 6103(h)(5) based on the lack of information about the thirteen jurors was harmless. See United States v. Hicks, 947 F.2d 1356, 1360 (9th Cir.1991) (the appellant could not demonstrate any prejudice from the lack of information, thus any error by the district court was harmless).
 
 III. DUE PROCESS VIOLATION
 
 8
 Thirdly, the Highfills contend that evidence was destroyed by the Government which was potentially exculpatory, and thus violated their rights to due process.
 
 
 9
 Only one document was found to have been destroyed, namely a "substitute return" which had been created by the IRS for Mr. Highfill for the tax year 1982. The "substitute return" was destroyed pursuant to the normal practice of the IRS and did not contain any relevant information.
 
 
 10
 The Supreme Court held that "unless a criminal defendant can show bad faith on the part of the [government], failure to preserve potentially useful evidence does not constitute a denial of due process." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). No bad faith has been shown on the part of the Government, thus the Highfills were not denied their right to due process.
 
 IV. JURY CROSS SECTION
 
 11
 A fourth contention by the Highfills is that there was a "systematic and intentional exclusion of all Common-Law Citizens of California," thereby denying their right to an impartial jury. [AOB 6].
 
 
 12
 The Highfills failed to establish that "common-law state citizens" were either a distinctive group within the community or a group that was systematically excluded. See Duren v. Missouri, 439 U.S. 357, 364 (1979); United States v. Herbert, 698 F.2d 981, 984 (9th Cir.), cert. denied, 464 U.S. 821 (1983). Thus, the jury selection in their case was constitutional.
 
 V. BIASED COURT
 
 13
 Finally, the Highfills contend the district judge was biased and should have recused himself from the case.
 
 
 14
 As this argument is presented for the first time on appeal, it is reviewed for plain error. United States v. Bosch, 951 F.2d 1546, 1548 (9th Cir.1991), cert. denied, 112 S.Ct. 2975 (1992).
 
 
 15
 The Highfills present no evidence that would lead a reasonable person to conclude that the district judge's impartiality might be questioned. Nor have the Highfills demonstrated any prejudice which might have resulted from an alleged bias. There was no error, let alone plain error, by the district judge in not recusing himself. See United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 110 S.Ct. 3237 (1990); see also United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3