980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Earl WATSON, Defendant-Appellant.
 No. 90-10414.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Nov. 13, 1992.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Earl Watson appeals his sentence under the Sentencing Guidelines for (1) conspiracy to import marijuana, in violation of 21 U.S.C. § 963; (2) importation of marijuana, in violation of 21 U.S.C. § 952; (3) conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; and (4) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 3
 At Watson's sentencing hearing, the district court gave Watson a two point downward departure, based on its finding that Watson played a minor role in a drug smuggling scheme. Watson claims he should have been given a four point reduction as a minimal participant instead.
 
 
 4
 The government argues that Watson has waived the right to appeal the district court's failure to give him a four level reduction as a minor participant because he did not argue the point in the district court. See United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, --- U.S. ----, 112 S.Ct. 442, 116 L.Ed.2d 460 (1991). We disagree. Watson raised the issue in his written objections and relied upon those at sentencing. He was not required to do more.
 
 
 5
 The Sentencing Guidelines provide a four point offense level decrease if defendant was a "minimal participant" in the criminal activity and a two point decrease if defendant was a "minor participant." U.S.S.G. § 3B1.2. The Guidelines Commentary explains that minimal participant status "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2(a), comment. (n. 1). A determining factor is the defendant's ignorance of the "scope and structure of the enterprise and of the activities of others...." Id.
 
 
 6
 The Commentary goes on to add that the four point reduction "will be used infrequently." Id., comment. (n. 2). However, it provides the following example of a minimal participant: "It would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment...." Id. (emphasis added).
 
 
 7
 Watson argues that this describes his conduct precisely. However, his involvement was not limited to offloading. As the district court said, Watson was recruited to provide a truck and land transportation for the marijuana, in addition to helping with offloading. Under these circumstances, the district court did not clearly err when it classified Watson as a minor participant. His conduct fits well with the Commentary's description of a minor participant as one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n. 3).[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Watson also claims that his counsel was ineffective. We see no basis for that claim on this record. See United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989), amended, 902 F.2d 18, cert. denied, --- U.S. ----, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990). If Watson has facts outside this record, those are properly asserted on habeas corpus rather than on direct appeal. United States v. Mal, 942 F.2d 682, 689 (9th Cir.1991)