988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marceline BROCK, Defendant-Appellant.
 No. 92-10374.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the District of Hawaii; No. CR-91-00639-01-DA, David A. Ezra, District Judge, Presiding.
 D.Hawaii
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marceline Brock appeals her conviction, following a jury trial, for four counts of income tax evasion in violation of 26 U.S.C. § 7201. Brock contends that the evidence was insufficient to prove that her failure to file tax returns was willful. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Sufficient evidence to support a conviction exists if "a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendant guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Reyes-Alvarado, 963 F.2d 1184, 1187-88, cert. denied, 113 S.Ct. 258 (1992).
 
 
 4
 To establish a violation of section 7201, the government must prove (1) the existence of a tax deficiency, (2) willfulness, and (3) an affirmative act constituting an evasion or an attempted evasion. United States v. Marabelles, 724 F.2d 1374, 1377 (9th Cir.1984). Failure to file a tax return, when combined with the act of filing a false and fraudulent tax withholding certificate, may constitute sufficient evidence of willfulness. United States v. Mal, 942 F.2d 682, 684-5 (9th Cir.1991). Although a "person cannot be convicted of willful failure to file a tax return if [she] subjectively believes in good faith that the tax laws do not apply to" her, a mere disagreement with federal tax law is not a defense to tax evasion. United States v. Powell, 955 F.2d 1206, 1211-1212 (9th Cir.1991) (citing Cheek v. United States, 111 S.Ct. 604, 610-11 (1991)).
 
 
 5
 Brock contests only the sufficiency of the evidence as to the willfulness element of section 7201. Brock argued below that she failed to file income tax returns (Form 1040) for the calendar years 1984 through 1987 and filed withholding statements (Form W-4), claiming "exempt" status for those years, because she believed that business losses she sustained in 1979 could be deducted from any tax obligations she might have.
 
 
 6
 The government, however, introduced evidence at trial indicating that Brock willfully failed to pay taxes and file tax forms. For example, Internal Revenue Officer Thomas Stevens testified that Brock responded to an inquiry, concerning her failure to file tax forms, with a letter he characterized as a traditional "tax protestor-type reply" in which she challenged her obligation to file tax returns. Norman Takeoka, an accountant at one of the hospitals at which Brock worked, testified that Brock filed an "exempt" W-4 form because she said that "she didn't quite agree how the government was spending her tax money." Russell Chong, of the Internal Revenue Service, testified that Brock did not file because she thought that "people on welfare had new cars and that they didn't go out looking for work."
 
 
 7
 Viewed in a light most favorable to the government, this evidence was more than sufficient to support the jury's conclusion that Brock intentionally chose to violate her known legal duty to pay taxes. See Marabelles, 724 F.2d at 1379.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3