988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Joseph BROWN, Defendant-Appellant.
 No. 92-50157.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 24, 1993.
 
 On Appeal from the United States District Court for the Central District of California; No. CR-91-0835-R(A)-1, Manuel Real, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before HUG, SKOPIL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal from the conviction and imposition of sentence following a jury's determination of Frank Brown's guilt on three counts of embezzlement of mail and one count of assault with intent to rob a postal carrier. Brown, through his attorney, contends the district court erred by (1) denying his motion for mistrial; and (2) miscalculating his offense level for purposes of sentencing. Brown also submitted a pro se brief in which he contends that his sentence should not have been enhanced for use of a firearm and that he received ineffective assistance of counsel. We consider all of the issues presented and we affirm.
 
 DISCUSSION
 1. Denial of Motion for Mistrial
 
 3
 Brown contends that during trial the district judge improperly commented on the evidence. To demonstrate that he was thereby denied a fair trial, Brown is required to show that the judge's comment was prejudicial. See United States v. Herbert, 698 F.2d 981, 984 (9th Cir.), cert. denied, 464 U.S. 821 (1983). A comment is prejudicial only when the record shows actual bias or leaves an abiding impression of advocacy or partiality. See United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). We disagree with Brown that the jury here could have considered the court's comment to be an endorsement of Brown's guilt. Rather, the comment was clearly intended by the court and likely perceived by the jury as an inquiry on the need for further testimony on the particular subject. Even in the context of criminal jury trials, "the court has considerable discretion to limit cross-examination in order to prevent delay or avoid cumulative evidence." United States v. Gomez, 846 F.2d 557, 559 (9th Cir.1988).
 
 2. Sentencing
 
 4
 Brown contends that he should have received a three level reduction in his offense level pursuant to U.S.S.G § 2X1.1(b)(1). (1990). His argument that section 2X1.1(b)(1) applies is based on his assertion that he only attempted to commit a robbery. Brown was not, however, charged with robbery or convicted of attempted robbery. Rather the relevant crime charged and proven was assault with intent to rob a mail carrier. We agree with the district court that section 2X1.1(b)(1) is not applicable to Brown.
 
 3. Pro Se Issues
 
 5
 A liberal construction of Brown's pro se brief suggests that he objects to the imposition of a three level increase to his offense level for the use of a dangerous weapon during commission of the crime. See U.S.S.G. § 2B3.1(b)(2)(C) (1990). He argues that there was insufficient evidence presented at trial to prove that he used a gun, the government was required to prove beyond a reasonable doubt that he used a gun, the testimony of the victim mail carrier that a gun was used was perjured, and the district court failed to explain its basis for imposing the firearm enhancement. We reject these arguments.
 
 
 6
 Brown's use of a gun is not an element of any crime charged in the indictment. Thus, it was unnecessary for the government to prove that fact beyond a reasonable doubt. Rather, for sentencing purposes, the government was required to prove the fact by a preponderance of the evidence. See United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). There was ample evidence presented at trial that Brown used a gun during the commission of the crime. Brown has offered nothing to support his allegation that the testimony on that point was perjured. See United States v. Kimball, 975 F.2d 563, 567 (9th Cir.1992) (bare allegations that testimony supporting presentence report is false does not establish unreliability of the testimony). Moreover, Brown did not object to the presentence report's recommendation that the offense level be adjusted upward for the use of a dangerous weapon. See United States v. Lopez-Cavasos, 915 F.2d 474, 477 (9th Cir.1990) (court is entitled to adopt recommendations in the presentence report which are unopposed); see also United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990) (defendant waives right to challenge sentence by failing to present issue to the district court), cert. denied, 112 S.Ct. 442 (1991).
 
 
 7
 Brown contends that he received ineffective assistance of counsel, presumably because his attorney failed to raise these issues before the district court. Generally, such claims are addressed in collateral proceedings such as habeas corpus. United States v. Mal, 942 F.2d 682, 689 (9th Cir.1991). We conclude, however, that because Brown's assertions are meritless, it is appropriate for us on direct appeal to deny Brown's claim of ineffective assistance of counsel. See United States v. Mal, 942 F.2d 682, 689 (9th Cir.1991). Brown cannot establish that his counsel's performance was deficient or that he suffered any prejudice from counsel's omissions. See id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). His counsel is not required to raise meritless arguments to the district court. Moreover, even if his counsel had made the arguments raised by Brown in this appeal, the result would not have been different. See Mal, 942 F.2d at 689. Accordingly, we reject Brown's claim of ineffective assistance of counsel.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3