145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Frank Joseph BROWN, Defendant-Appellant.
 No. 95-55766.
D.C. No. CV-95-02392-R CR-91-00835-R.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Central District of California, Manuel L Real, Chief Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frank Joseph Brown, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Brown, a former postal employee, was convicted of one count of assault with intent to rob a letter carrier and three counts of embezzlement of mail. In his section 2255 motion, Brown raises nine claims:
 
 
 4
 (1) his trial counsel was ineffective;
 
 
 5
 (2) the prosecution knowingly used perjured testimony;
 
 
 6
 (3) the district court failed to give a cautionary instruction after "sustaining perjury;"
 
 
 7
 (4) the evidence produced at trial did not support the charges in the indictment;
 
 
 8
 (5) the indictment does not support a robbery sentence;
 
 
 9
 (6) the district court failed to apply U.S.S.G. § 2X1.1 even though the robbery was unsuccessful;
 
 
 10
 (7) the district court violated Fed.R.Crim.P. 32(a) when it denied Brown's objections to the presentence report without a hearing on disputed issues;
 
 
 11
 (8) Because the government previously had terminated Brown's employment and seized his retirement benefits based upon the same acts charged in the criminal prosecution, Brown's prosecution violated the Double Jeopardy Clause;
 
 
 12
 (9) Brown's appellate counsel was ineffective.
 
 
 13
 We decline to reconsider Claim One for we previously rejected it on direct appeal. See United States v. Brown, No. 92-50157, unpublished memorandum disposition 1993 WL 47235 (9th Cir. Feb.24, 1993); see also United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985).
 
 
 14
 Because we previously rejected Brown's claim that Mr. Pincus's testimony at trial was perjured, see Brown, 1993 WL at 47235, Claims Two and Three are meritless.[1]
 
 
 15
 By order of February 21, 1992, the district court denied Brown's "motion of petition for writ of habeas corpus," expressly concluding that the evidence was sufficient to support Brown's conviction. According to the record before us, Brown never appealed from that order. That order is long final, and we decline to review Brown's insufficiency of the evidence allegations. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (absent cause and prejudice, this court will not consider insufficiency of the evidence claims on collateral review).
 
 
 16
 Claim five is legally frivolous. Brown was not sentenced for robbery. The indictment charged, and Brown was convicted and sentenced for, embezzlement of mail and assault with intent to rob a mail carrier.
 
 
 17
 Brown argues that Claim Six, rejected on direct appeal, warrants reconsideration in light of United States v. Thornton, 23 F.3d 1532, 1534-35 (9th Cir.1994) (U.S.S.G. § 2X1.1 provides for three-level decrease for attempted offenses). We disagree. Thornton was convicted of attempted murder and, accordingly, section 2X1.1 applied. Although the Guidelines provide that assault with intent to rob a mail carrier will carry the same offense level as robbery, Brown nonetheless was convicted of a completed offense, assault with intent to rob a mail carrier. Because Brown was not convicted of attempted assault or attempted robbery, the district court properly refused to apply section 2X1.1.
 
 
 18
 Claim seven may not be raised by section 2255 motion. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994) (nonconstitutional sentencing errors generally may not be raised by section 2255 motion). To the extent Brown contends trial or appellate counsel was ineffective for failing to raise Rule 32(a) issues, Brown has failed to establish prejudice. See Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 19
 Claim eight fails under Hudson v. United States, --- U.S. ----, ----, ----, 118 S.Ct. 488, 493, 496, 139 L.Ed.2d 450 (1997) (Double Jeopardy Clause protects only against imposition of multiple criminal punishments for same offense; monetary penalties and occupational debarment are not so punitive as to constitute a criminal penalty; subsequent criminal prosecution not barred).
 
 
 20
 We reject Brown's ninth claim, ineffective assistance of appellate counsel, for lack of prejudice. See Strickland, 466 U.S. at 697.
 
 
 21
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's motion for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brown insists that audiotapes of his trial would contain a crucial exchange, omitted from the trial transcripts, which would prove his perjury claim. According to district court records, Brown's trial was never taped but only transcribed. Brown has failed to show independent evidence of the supposed crucial exchange or that the trial was in fact taped