**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marc D. ANDRA, Defendant–Appellant.**

No. 99–30296.

United States Court of Appeals,
Ninth Circuit.

Submitted July 20, 2000*

Filed July 27, 2000

John P. Rhodes, Assistant Federal Defender, Federal Defenders of Montana, Missoula, Montana, for the defendant-appellant.

Robert E. Lindsay, United States Department of Justice, Washington, D.C., for plaintiff-appellee.

Before: REAVLEY,** O'SCANNLAIN and GOULD, Circuit Judges.

REAVLEY, Circuit Judge:

Marc D. Andra appeals his sentence after a guilty plea to conspiracy to defraud the United States and corrupt intimidation of and interference with IRS agents. Because the tax loss calculation improperly included some penalties and interest, we

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

remand for re-sentencing. Otherwise we affirm.

■ Andra argues that the district court erred in calculating the tax loss for Andra's 1994 income, when no tax was paid, based upon the government's evidence rather than Andra's sworn statement estimating his gross income for 1994. The government estimated Andra's 1994 gross income from his book selling business by subtracting the cost of books sold from the retail price of the books. The determination of Andra's 1994 income is supported by evidence in the record and the district court was not compelled to conclude that Andra's estimate of his 1994 income was more accurate than the estimate provided by the government witness. "The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e). Findings of fact for sentencing are governed by a preponderance of the evidence standard. *U.S. v. Restrepo*, 946 F.2d 654, 656 (9th Cir.1991). The sentencing guidelines provide that "the amount of tax loss may be uncertain; the guidelines contemplate that the court will simply make a reasonable estimate based upon the available facts." U.S. Sentencing Guidelines Manual § 2T1.1, Application Note 1 (1998). The district court's determination of Andra's 1994 income is a reasonable estimate based upon the available facts and is not clearly erroneous.

In his second point of appeal, Andra contends that the district court erred by including the tax liabilities of Samuel and Hazel Boscarino, Stephen Rodda, William and Debra Joseph, and David and Tracy Curtiss in the tax loss calculation. Andra argues that because these tax liabilities were already delinquent before Andra joined The Pilot Connection Society (TPCS), the government failed to prove

that, but for Andra's involvement, these people would have paid the tax liabilities.

Andra's unconditional guilty plea admitted to the conspiracy operated by TPCS. Andra admitted that the conspiracy involved falsely representing that TPCS would permanently and legally remove any obligation to pay income taxes and charging fees for an "untaxing package" including forms to remove the obligation to maintain records, file income tax returns or pay income taxes. TPCS also falsely represented that their products would remove IRS liens or levies and resolve old tax problems. The objectives of the conspiracy were to impede or impair the IRS and to resist IRS assessment and collection efforts by deceitful means, including advising and encouraging members to close bank accounts, cancel credit cards, refuse to file tax returns, claim excessive exemptions on withholding forms and place assets in nominee names.

Andra's plea also admitted that he researched public records for IRS liens, contacted the taxpayers and offered to provide them the means to evade the collection of taxes through TPCS membership. Andra sold an "untaxing package" to David Curtiss and advised him to unlawfully evade collection of approximately $28,741.28 in federal income taxes. Andra sold an "untaxing package" to Hazel Boscarino and advised her to unlawfully evade collection of approximately $94,412.00 in federal income taxes. Andra sold an "untaxing package" to William Joseph and advised him to unlawfully evade collection of approximately $1,430.00 in federal income taxes. Andra sold an "untaxing package" to Stephen Rodda and advised him to unlawfully evade collection of approximately $110,373.00 in federal income taxes.

■ Andra argues that the government has failed to prove that, but for Andra's advice, these taxes would have been successfully collected by the IRS. However, the sentencing guidelines do not require proof of "but-for" causation for calculating

tax loss. The guidelines provide that the tax loss is "the total amount of loss that was the object of the offense (*i.e.,* the loss that would have resulted had the offense been successfully completed)." U.S. Sentencing Guidelines Manual § 2T1.1(c)(1) (1998). Andra admits that he advised these individuals to illegally evade collection of their tax liabilities and that the object of the conspiracy was to "impede or impair the IRS" and "resist IRS assessment and collection efforts by deceitful means." These admissions clearly establish that the "object of the offense" included preventing the collection of taxes owed by the individuals that Andra recruited into TPCS.

■ Tax evasion includes both evasion of assessment as well as evasion of payment of taxes. *U.S. v. Mal,* 942 F.2d 682, 687 (9th Cir.1991). "Evasion of payment ... involves conduct designed to place assets beyond the government's reach after a tax liability has been assessed ..." *Id.* Andra's plea admits to conspiracy to evade payment of back taxes. Andra's sentence correctly reflects his illegal efforts to evade the payment of these taxes.

The government concedes that some penalties and interest were improperly included in the tax loss calculation. *See* U.S. Sentencing Guidelines Manual § 2T1.1 Application Note 1(1998); *U.S. v. Hopper,* 177 F.3d 824, 832 (9th Cir.1999). Accordingly we vacate and remand for re-sentencing on the basis of a tax loss calculation that excludes penalties and interest.

SENTENCE VACATED, CAUSE REMANDED.