**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael Anthony LINDSEY,**
**Defendant–Appellant.**

No. 00–50202.
D.C. No. CR–99–00358–ER–1.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2001.*

Decided July 10, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

## MEMORANDUM **

Michael Anthony Lindsey, a tax preparer, appeals his conviction and sentence for aiding and assisting in the preparation and presentation of false income tax returns. *See* 26 U.S.C. § 7206(2). We affirm.

■ (1) Lindsey claims that the jury based its verdict on inadmissible evidence, insufficient evidence, and incomplete jury instructions. We disagree. First, the district court did not abuse its discretion when it admitted Lindsey's statement to an Internal Revenue Service Electronic Filing Specialist. In effect, Lindsey said that he knew how to and did manipulate information on tax returns for the purpose of achieving a lower taxable amount for his clients. The statement satisfied the criteria for admission under Rule 404(b) of the Federal Rules of Evidence. *See United States v. Hinton*, 31 F.3d 817, 822 (9th Cir.1994) (providing the factors to apply in determining whether evidence is admissible under Rule 404(b)). Also, the district court did not err when it found that the probative value of that evidence outweighed its prejudicial effect. *See* Fed. R.Evid. 403; *United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1327 (9th Cir. 1992). Second, the record, which we have reviewed, contains sufficient evidence to demonstrate that the information in the tax returns was false and that Lindsey

** This disposition is not appropriate for publication and may not be cited to or by the

willfully participated in violating § 7206(2). Third, the jury instruction on willfulness was not in error. The instruction accurately reflected the law. *See United States v. Kellogg*, 955 F.2d 1244, 1248 (9th Cir.1992); *United States v. Powell*, 955 F.2d 1206, 1211 (9th Cir.1991). Moreover, "the instructions given fairly and adequately [covered] the defendant's theories of defense." *United States v. Solomon*, 825 F.2d 1292, 1295 (9th Cir.1987).

■ (2) The district court did not err when it enhanced Lindsey's sentence by including the tax loss from tax returns which were not subjects of the indictment. Because the increase in his guideline sentence was not great enough to require a higher burden of persuasion, the district court correctly applied the preponderance of the evidence standard to resolve disputed facts. *See United States v. Romero–Rendon*, 220 F.3d 1159, 1161 (9th Cir. 2000); *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir.1999); *United States v. Restrepo*, 946 F.2d 654, 661 (9th Cir.1991) (en banc). The court also properly addressed each of Lindsey's objections to the inclusion of the tax loss from the additional tax returns. *See* Fed.R.Crim.P. 32(c). A preponderance of the evidence supported the district court's resolution of the disputed facts. *See United States v. Tam*, 240 F.3d 797, 803–04 (9th Cir.2001); *United States v. Andra*, 218 F.3d 1106, 1107 (9th Cir.2000); *United States v. Ladum*, 141 F.3d 1328, 1345–46 (9th Cir.1998). The district court did not abuse its discretion when it rejected Lindsey's request for an evidentiary hearing. *See United States v. Harrison–Philpot*, 978 F.2d 1520, 1525 (9th Cir.1992); *United States v. Stein*, 127 F.3d 777, 780–81 (9th Cir.1997). Lindsey had every opportunity to review and challenge the evidence, but did not point to

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

specific problems; he just had a general desire to cross-examine everyone.

 Lindsey finally claims that use of the other returns violated the commands of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, the inclusion of tax loss from the additional tax returns did not increase the penalty for the "crime beyond the pre-scribed statutory maximum." *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63. It merely affected the guideline calculation. No *Apprendi* error occurred.

AFFIRMED.