**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Valerie CRAWFORD, Defendant—
Appellant.**

**No. 01–50178.**
**D.C. No. CR–99–01022–MMM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided May 30, 2003.

Before SCHROEDER, Chief Judge,
THOMPSON, and GRABER, Circuit Judges.

MEMORANDUM *

Valerie Crawford ("Crawford"), a former officer and employee of the Internal Revenue Service ("IRS"), appeals her convictions under 18 U.S.C. § 371 (conspiracy to defraud the United States) and I.R.C. § 7214(a)(7) (unlawful act by a revenue officer). Crawford contends that the district court made several errors, most of which arise from its characterization of the charged conspiracy as a single conspiracy. Crawford also challenges the district court's calculation of her base offense level and the court's determination of the amount of restitution.[1] We affirm Crawford's convictions and sentence, except

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Crawford also challenges the six-year statute of limitations applied by the district court. Although the indictment did not allege that Crawford committed overt acts beyond 1994, it alleged overt acts by her co-conspirators well into 1997. The evidence demonstrated that there was one overall conspiracy and that it continued into the time-frame of the shorter statute of limitations that Crawford contends is applicable. Accordingly, we do not reach the six-year statute of limitations issue.

that we vacate and remand the restitution order.

The central thread throughout Crawford's appeal is her contention that there were at least two conspiracies, the first to defraud the government, which conspiracy she asserts ended before 1995, and a separate conspiracy to defraud taxpayer clients of her co-conspirators. She contends that she was a member of only the first conspiracy. We disagree with these contentions. The evidence supports the conclusion that Crawford's acts, as well as the fraud perpetrated on the third-party taxpayers, were part of one overall conspiracy to defraud the government by diverting tax payments and obstructing the government's attempts to collect those payments. *See United States v. Bryan,* 868 F.2d 1032, 1037 (9th Cir.1989) ("[T]he defrauding of *different people* over an extended period of time, using *different means and representations,* may constitute but one scheme." (citation and internal quotation marks omitted)); *United States v. Moran,* 759 F.2d 777, 784 (9th Cir.1985) ("Separate acts at separate times should not be confused with separate conspiracies."); *see also United States v. Bloch,* 696 F.2d 1213, 1215 (9th Cir.1982), *abrogated on other grounds by United States v. Jimenez Recio,* 537 U.S. 270, 123 S.Ct. 819, 823, 154 L.Ed.2d 744 (2003). Having determined that there was one overarching conspiracy, we need comment only briefly on Crawford's remaining specific challenges to her conviction.

Crawford argues that the district court abused its discretion by denying her motion to sever. "Generally, defendants jointly charged are jointly tried." *United States v. Matta–Ballesteros,* 71 F.3d 754, 770 (9th Cir.1995) (citing *United States v. Hernandez,* 952 F.2d 1110, 1114 (9th Cir. 1991)), *as amended by* 98 F.3d 1100 (9th Cir.1996). To establish that the district court abused its discretion, "an appellant must show that the joint trial was so prejudicial as to require the exercise of the district judge's discretion in only one way: by ordering a separate trial." *United States v. Mariscal,* 939 F.2d 884, 885 (9th Cir.1991) (citation and internal quotation marks omitted). Crawford failed to make this showing. The evidence established that each of the defendants was a member of the same conspiracy to obstruct the collection of income taxes and defraud the government. Crawford was not prejudiced by the joint trial. *Matta–Ballesteros,* 71 F.3d at 771; *United States v. Vaccaro,* 816 F.2d 443, 449 (9th Cir.1987), *abrogated on other grounds by Huddleston v. United States,* 485 U.S. 681, 685 & n. 2, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

Crawford's contention that the district court erred in refusing to instruct the jury on multiple conspiracies also fails. Although Crawford's role in the conspiracy may have diminished over time, and five individuals in addition to the government were defrauded, the evidence established " 'one overall agreement' to perform various functions to achieve the conspiracy's objectives." *United States v. Shabani,* 48 F.3d 401, 403 (9th Cir.1995) (quoting *United States v. Patterson,* 819 F.2d 1495, 1502 (9th Cir.1987)); *accord United States v. Mayo,* 646 F.2d 369, 374 (9th Cir.1981).

Crawford's challenge to the district court's evidentiary rulings fails as well. The district court properly admitted evidence of co-conspirator statements from the period 1995 to 1997 because they were made "during the course and in furtherance of the conspiracy." Fed.R.Evid. 801(d)(2)(E); *see Atkins v. United States,* 307 F.2d 937, 940 (9th Cir.1962). Evidence relating to the fraud perpetrated upon the individual taxpayers was also properly admitted; that evidence was central to proving the conspirators' activities in relation

to the conspiracy. *See Tanner v. United States,* 483 U.S. 107, 129, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987); *United States v. Smith,* 893 F.2d 1573, 1580 (9th Cir.1990). The fact that the evidence tended to portray the taxpayers in a sympathetic light did not require its exclusion. *United States v. Fléming,* 215 F.3d 930, 939 (9th Cir.2000).

As to her sentence, Crawford contends that the district court erred in setting the loss amount (used to determine her base offense level). Again, we disagree. When the amount of loss is uncertain, the United States Sentencing Commission, *Guidelines Manual* ("USSG") "contemplate[s] that the court will simply make a reasonable estimate based upon the available facts." *United States v. Andra,* 218 F.3d 1106, 1107 (9th Cir.2000) (quoting USSG § 2T1.1, cmt. n. 1). Thus, the district court did not err in determining that, had the conspiracy achieved complete success, the government would never have collected any of the taxes owed by the individual taxpayers. *Id.* at 1107–08 (citing USSG § 2T1.1(c)(1)).

The government concedes that the restitution order in the sum of $320,086,[2] for which all three co-conspirators were found jointly and severally liable, should be vacated and the case remanded for the purpose of developing the record to determine the actual amount of loss to the government.

We affirm Crawford's conviction. We also affirm her sentence, except that we vacate the restitution order and remand the determination of the amount of restitution to the district court for calculation according to the actual loss caused to the government.[3]

Convictions AFFIRMED. Sentence AFFIRMED in part; sentence VACATED as to the restitution order; and REMANDED to the district court for recalculation of the restitution order.

---

2. The Judgment and Probation/Commitment Order refers to the restitution amount as both $320,086 and $322,135. In light of our remand, we need not address this apparent clerical error.

3. On remand, contrary to Crawford's contention, the amount of restitution will be determined pursuant to the Mandatory Victims Restitution Act of 1996, Pub.L. No. 104–132, § 201, 110 Stat. 1214, 1227 (amending 18 U.S.C. § 3663 et seq., effective Apr. 24, 1996). "[R]estitution can be based on the amount of damages caused by an entire scheme that is in the nature of a conspiracy rather than only in the amount caused by a particular act." *United States v. Kubick,* 205 F.3d 1117, 1128 (9th Cir.1999). The overall conspiracy in this case lasted through 1997.