FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

DONAVIN DWAYNE BRADFORD,

*Defendant - Appellant.*

No. 23-4111

D.C. No.
2:22-cr-00362-JAK-1

OPINION

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted December 3, 2024
Pasadena, California

Filed August 4, 2025

Before: Jay S. Bybee, Sandra S. Ikuta, and Bridget S. Bade,
Circuit Judges.

Opinion by Judge Bade

## SUMMARY[*]

## Criminal Law

The panel affirmed Donavin Dwayne Bradford's conviction and sentence for multiple crimes related to sex trafficking several victims, including minors.

Bradford argued that the first and second counts of the first superseding indictment were duplicitous because, in addition to charging him with violating 18 U.S.C. § 1591 by sex trafficking a minor according to the statute's lengthy list of other verbs, they also charged him with violating § 1591 by advertising—something that he argues is a separate crime prohibited by the same statute. The panel rejected this argument. Because sex trafficking a minor by advertising the minor for commercial sex with the knowledge that the minor is under the age of eighteen is merely an alternate means by which a defendant can violate § 1591, the statute defines only one offense and Bradford was not deprived of any defense. Therefore, neither count is duplicitous.

Rejecting Bradford's argument that the district court procedurally erred at sentencing by failing to enumerate the reasons why it rejected his mitigation arguments, the panel held that the district court adequately explained itself and did not commit plain error. The panel also rejected Bradford's argument that his life circumstances render his life sentence substantively unreasonable, as Bradford did not demonstrate

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that his sentence was illogical, implausible, or without support in the record.

**COUNSEL**

Ranee A. Katzenstein (argued), Chelsea Norell, and Kathy Yu, Assistant United States Attorneys; Bram M. Alden, Assistant United States Attorney, Chief; Criminal Appeals Section; E. Martin Estrada, United States Attorney; Office of the United States Attorney, United States Department of Justice, Los Angeles, California; for Plaintiff-Appellee.

Edward M. Robinson (argued), Edward M Robinson APC, Torrance, California, for Defendant-Appellant.

**OPINION**

BADE, Circuit Judge:

Defendant-Appellant Donavin Dwayne Bradford was convicted by a jury of multiple crimes related to sex trafficking several victims, including minors. He was sentenced to life in prison consistent with the United States Sentencing Guidelines. On appeal, he argues that (1) both the first and second counts of the first superseding indictment were duplicitous and (2) his sentence was both procedurally and substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

I

A

Bradford sex trafficked women and girls, some of whom were minors who came from foster placement or group homes. He collected all the money that these women and girls earned through prostitution while under his control, and, in exchange, he provided them protection and basic necessities. Bradford maintained his control over these women and girls with violence and threats. On multiple occasions, he filmed himself having sex with the minor girls he was trafficking. He also paid to have some of them tattooed with his own aliases (e.g., "Pay Me").

A grand jury first indicted Bradford on August 11, 2022, and subsequently returned a first superseding indictment on February 24, 2023. The superseding indictment charged Bradford with one count of conspiracy to commit sex trafficking of a minor in violation of 18 U.S.C. § 1594(c), three counts of sex trafficking minors in violation of 18 U.S.C. § 1591(a)(1), (b)(2), (c), one count of sex trafficking through force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1), (b)(1), three counts of sexual exploitation of a child for the purpose of producing a sexually explicit visual depiction in violation of 18 U.S.C. § 2251(a), (e), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B), (b)(2). He was convicted on all nine counts, but appeals only his convictions for Counts 1 and 2 and his sentence.

As relevant here, Count 1 of the first superseding indictment charged Bradford with conspiracy (1) "to knowingly recruit, entice, harbor, transport, provide, obtain, and maintain" an underage victim, "knowing and in reckless disregard that" she was "under the age of 18 years old and

knowing and in reckless disregard that" she "would be caused to engage in a commercial sex act," and (2) "to knowingly advertise" that victim, "knowing that she was under the age of 18 years old and knowing" that she "would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and (c)." Count 2 charged that Bradford "knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained" that same victim, "knowing and in reckless disregard that [she] was under the age of 18 years old and knowing and in reckless disregard that [she] would be caused to engage in a commercial sex act," and advertised that victim "knowing that she was under the age of 18 years old and knowing [that she] would be caused to engage in a commercial sex act."

Before trial, Bradford moved to dismiss Counts 1 and 2 as unconstitutionally duplicitous. He argued that 18 U.S.C. § 1591(a) proscribes two different crimes with two distinct mens rea requirements: namely, (1) knowingly sex trafficking a minor by recruiting, enticing, harboring, transporting, providing, obtaining, maintaining, patronizing, or soliciting a minor to engage in a commercial sex act while *knowing or recklessly disregarding* that the minor is under eighteen years old, and (2) knowingly sex trafficking a minor by advertising a minor for commercial sex acts while *knowing* that the minor is under eighteen years old.[1]

---

[1] Section 1591 provides as follows: "(a) Whoever knowingly— (1) . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in

Bradford argued to the district court that the heightened mens rea requirement for a defendant who advertises sex trafficking (i.e., *knowing* that the victim is under eighteen years old instead of *knowing or recklessly disregarding* that fact) distinguishes advertising as a second crime prohibited by § 1591.  Therefore, he argued that Counts 1 and 2 of the superseding indictment were duplicitous because they each charged him with both crimes described in § 1591.

The district court was not persuaded by Bradford's arguments and concluded that both knowledge and recklessness could permissibly be charged in the same count. Citing *United States v. Mal*, 942 F.2d 682, 688 (9th Cir. 1991), the district court rejected Bradford's argument that § 1591 creates two separate crimes, reasoning that § 1591(a) proscribes a range of conduct in a single sentence and that § 1591(b) provides a single penalty.  Therefore, the district court denied Bradford's motion to dismiss, and the case proceeded to trial.  A jury convicted Bradford on all counts.

## B

At sentencing following his conviction, Bradford did not contest the calculation of his sentencing range under the Guidelines.  Based on the nature of his offense and his criminal history, the Guidelines range for Bradford's sentence was life in prison.  Bradford did, however, argue

---

violation of paragraph (1), knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)."  18 U.S.C. § 1591(a).

for a downward variance from the Guidelines based on his personal history. He emphasized that his upbringing was "tragic and horrific," because it included childhood homelessness, abuse by his parents, and the abuse of drugs. At his sentencing hearing, Bradford addressed the district court and apologized to his victims and their families. He expressed his desire to avoid life in prison so that he could be involved in his children's lives and his hope that he could change and be forgiven.

The government opposed Bradford's request for a variance, arguing that Bradford's upbringing and circumstances did not justify departing from the Guidelines. It pointed to Bradford's extensive criminal history to argue that he was a known recidivist.[2] At sentencing, the government read a victim impact statement written by the mother of one of Bradford's minor victims, describing how her family was "directly impacted by Bradford's actions in the most horrific way imaginable," and recounted that, while in custody, Bradford tried to threaten witnesses to dissuade them from testifying against him.

The district court sentenced Bradford to a term of life imprisonment. It explained that, in imposing Bradford's sentence, it was making an individualized determination under 18 U.S.C. § 3553(a). It also explained that it had considered the parties' sentencing memoranda, letters read into the record, the evidence and testimony it had heard during the trial, the nature of the offenses, including Bradford's conduct towards minors, Bradford's history and

---

[2] In its sentencing memorandum, the government recounted that Bradford was convicted of, inter alia, two vehicle thefts, two counts of robbery with a deadly weapon, burglary while in possession of a firearm, reckless driving, vandalism, and spousal battery.

characteristics, the need to promote respect for the law, provide just punishment, and protect the public, the types of sentences available, the need to avoid unwarranted sentencing disparities, and Bradford's desire to be involved in his children's lives.

II

A

"We review de novo a district court's decision not to dismiss an allegedly duplicitous indictment." *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186, 1187 (9th Cir. 2007) (en banc); *accord United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013).

"An indictment is duplicitous when it joins two or more distinct and separate offenses into a single count." *Mancuso*, 718 F.3d at 792 (citing *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976)). "In reviewing an indictment for duplicity, our task is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than one, but rather solely to assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Martin*, 4 F.3d 757, 759 (9th Cir. 1993) (quoting *United States v. Yarbrough*, 852 F.2d 1522, 1530 (9th Cir. 1988)).

A duplicitous indictment can result in numerous "vice[s]." *United States v. Starks*, 515 F.2d 112, 116–17 (3d Cir. 1975). For example, if an indictment contains a duplicitous count, then "a general verdict for a defendant on that count does not reveal whether the jury found him not guilty of one crime or not guilty of both," and such an outcome "could prejudice the defendant in protecting

himself against double jeopardy." *Id.* at 116. Conversely, "a general verdict of guilty does not disclose whether the jury found the defendant guilty of one crime or of both," which "could prejudice the defendant in sentencing and in obtaining appellate review." *Id.* "Duplicity may also give rise to problems regarding the admissibility of evidence, including its admissibility against one or more codefendants." *UCO Oil*, 546 F.2d at 835. And further, "there is no way of knowing with a general verdict on two separate offenses joined in a single count whether the jury was unanimous with respect to either." *Starks*, 515 F.2d at 117.

Here, Bradford argues that Counts 1 and 2 of the superseding indictment were duplicitous because, in addition to charging him with violating § 1591 by sex trafficking a minor according to the statute's lengthy list of other verbs,[3] they also charged him with violating § 1591 by advertising—something that he argues is a separate crime prohibited by the same statute. Bradford argues that, consequently, he may have been subjected to several of the vices of duplicity. First, he argues that he may have been improperly convicted of sex trafficking via advertising without the requisite mens rea (i.e., the jury may have improperly convicted him of advertising commercial sex with a minor by finding only that he *recklessly disregarded* that the victim was under eighteen years old, rather than by finding the heightened standard that he advertised commercial sex with the victim *knowing* that she was a minor). Relatedly, Bradford also argues that the duplicitous

---

[3] Namely, recruiting, enticing, harboring, transporting, providing, obtaining, maintaining, patronizing, or soliciting a person under the age of eighteen to engage in a commercial sex act.

counts in the superseding indictment prevented him from arguing in his defense that he subjectively believed that the girls he advertised for commercial sex acts were not minors. We reject Bradford's arguments because § 1591 does not proscribe sex trafficking a minor via advertising as a separate and distinct crime; therefore, neither count in the superseding indictment is duplicitous and Bradford was not deprived of any defense.[4]

First, case law does not support Bradford's broad argument that a statute that includes multiple scienter requirements always establishes multiple crimes. Our caselaw distinguishes between (1) the elements of an offense and (2) the means that can be used to commit it. Elements are "those circumstances on which the jury must unanimously agree," while means are "those circumstances on which the jury may disagree yet still convict." *Rendon v. Holder*, 764 F.3d 1077, 1086 (9th Cir. 2014). In *Schad v. Arizona*, the Supreme Court acknowledged that there may be "alternative means to satisfy the mental element of a single offense" so long as they "reasonably reflect notions of equivalent blameworthiness or culpability." 501 U.S. 624, 644, 643 (1991) (plurality opinion), *abrogated on other grounds as recognized by Edwards v. Vannoy*, 593 U.S. 255, 265 n.4 (2021); *see also United States v. Barai*, 55 F.4th 1245, 1250, 1252–53 (9th Cir. 2022) (holding that a statute can contain various scienter requirements without creating

---

[4] Even if § 1591 proscribed multiple crimes, Count 1 of the superseding indictment would not be duplicitous. "[W]here conspiracy is the charge, the established rule is that a charge of conspiracy to commit more than one offense may be included in a single count without violating the general rule against duplicity." *United States v. Smith*, 891 F.2d 703, 713 (9th Cir. 1989).

more than one mens rea element and, therefore, more than one crime).

Having rejected Bradford's contention that a statute's inclusion of multiple scienter standards always creates multiple crimes, we now apply our standard duplicity analysis to § 1591. We first ask whether the statute "defines but a single offense" with various means of violation. *UCO Oil*, 546 F.2d at 838. If so, charging those various means in one count is not duplicitous. *United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006).

We consider "several relevant factors" when determining if a statute defines a single offense. *UCO Oil*, 546 F.2d at 836. The first factor is "the language of the statute itself," which is evaluated for "a Congressional purpose to create more than one offense." *Id.* The second factor is "legislative history and statutory context." *Id.* at 837. The third factor is "the nature of the proscribed conduct itself," which can involve considerations of "[r]eason and fairness." *Id.* "The fourth factor concerns the appropriateness of multiple punishment for the conduct charged in the indictment." *Id.* This factor is based on the "presumption against construing penal statutes so as to lead to multiple punishment." *Id.* at 837–38 (citing *Bell v. United States*, 349 U.S. 81, 83 (1955)).

The first *UCO Oil* factor (the language of the statute) suggests that Congress did not intend to create a distinct offense of sex trafficking a minor by advertising commercial sex with that minor. We previously acknowledged that § 1591 "awkwardly" describes the conduct and mental state that it criminalizes. *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010). And we have already rejected the argument that, under § 1591, "threats of force, fraud, and coercion are

separate elements of the crime" of human trafficking. *United States v. Mickey*, 897 F.3d 1173, 1181 (9th Cir. 2018). Instead, we held that force, fraud, and coercion are "listed alternatives" that "are not elements but rather possible means to commit the crime." *Id.* The same reasoning supports the conclusion that advertising is merely one of several means by which a defendant can violate § 1591. As the district court correctly observed, the proscribed conduct is listed in a single sentence with a single penalty. *See Mal*, 942 F.2d at 688. And nothing in the title of § 1591 ("[s]ex trafficking of children or by force, fraud, or coercion") indicates that the statute treats sex trafficking a minor by advertising as a separate crime. *See Singh v. Gonzales*, 499 F.3d 969, 977 (9th Cir. 2007) ("Although statutory titles are not part of the legislation, they may be instructive in putting the statute in context.").

Analyzing the second *UCO Oil* factor (legislative history) reveals that Congress did not intend to create a separate crime for sex trafficking a minor through advertising. The word 'advertises' was added to the list of prohibited conduct in § 1591 by the Stop Advertising Victims of Exploitation Act (SAVE Act) of 2015, which was Sec. 118 of the Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22, 129 Stat. 227, 227. The purpose of the SAVE Act was to "clarif[y] that 18 U.S.C. Sec. 1591 . . . can be violated when a defendant knowingly advertises a victim for a commercial sex act." H.R. Rep. No. 114-8, at 2 (2015). On the House floor, the SAVE Act was introduced as "an important yet modest bill" that "uses one word, just one word, to clarify that, just as it is against the law to prostitute a child on the street, it is likewise against the law to prostitute a child through an advertisement." 161 Cong. Rec. H596, H596 (2015) (statement of Rep. Jim

Sensenbrenner). A modest clarification of an existing statute is unlikely to have added an entirely new crime without comment.

Legislative history also demonstrates that the SAVE Act focused on "defendants who, while not directly placing the ads, do knowingly benefit from the placement of advertising." *Id.* In other words, the statute was crafted with consideration towards web publishers who display advertisements. *See* Ashley A. Cardenas, *The Save Act of 2015: Congress' Attempt to Reprioritize Online Child Sex Trafficking*, 91 St. John's L. Rev. 505, 519 (2017) (explaining that passage of the SAVE Act was motivated by Congress's concern that courts were "not holding *website operators* liable for facilitating online child sex trafficking" (emphasis added)). "Specifically, the bill requires the government to show that these defendants knew that the advertisement involved a minor or a coerced adult. Reckless disregard is not sufficient." 161 Cong. Rec. at H596 (statement of Rep. Jim Sensenbrenner). Congress's rationale behind altering the mens rea for these defendants was that "with the way the Internet is, some innocent person might wind up finding things on their site that they may not have had anything to do with."[5] *Id.* at H598 (statement of Rep. Sheila Jackson Lee). The point of the heightened mens rea requirement was to "help those individuals have a defense." *Id.*

---

[5] Congress has balanced similar concerns in related areas of the law. *See, e.g.*, *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1143–45 (9th Cir. 2022) (discussing Congress's balancing of culpability for sex trafficking with protection for website publishers in the Allow States and Victims to Fight Online Sex Trafficking Act of 2017 § 4, 47 U.S.C. § 230(e)(5)).

*UCO Oil* factor three (the nature of the proscribed conduct) likewise suggests that § 1591 does not create a separate crime of facilitating sex trafficking through advertising.  The act of sex trafficking a minor by advertising that minor is not a "distinctly different kind[] of conduct," *UCO Oil*, 546 F.3d at 837, from the acts of sex trafficking a minor through the other means listed in the statute (i.e., recruiting, enticing, harboring, transporting, providing, obtaining, maintaining, patronizing, or soliciting).  In this case, Bradford's advertising his minor victims for commercial sex acts fits "within the conventional understanding" of his overall crimes.  *Id.*

Lastly, *UCO Oil* factor four (the appropriateness of multiple punishment) also weighs against concluding that Congress intended § 1591 to criminalize the facilitation of sex trafficking through advertising as a separate offense.  Under Bradford's proposed construction of the statute, he would be exposed to charges for both (1) "recruit[ing], entic[ing], harbor[ing], transport[ing], provid[ing], obtain[ing], . . . maintain[ing], patroniz[ing], or solicit[ing]" his victims for sex trafficking, and (2) "advertis[ing]" his victims for sex trafficking.  18 U.S.C. § 1591(a).  Accepting Bradford's construction of the statute and criminalizing sex trafficking by advertising as a separate offense would run afoul of the rule of lenity that animates the fourth factor of the *UCO Oil* test.  *See* 546 F.2d at 838 (citing *Bell*, 349 U.S. at 83).  Indeed, as his counsel acknowledged at argument, if Bradford had been indicted according to his reading of the statute, he might have raised a multiplicity challenge to that indictment for "charging a single offense in more than one count."  *United States v. Garlick*, 240 F.3d 789, 793–94 (9th Cir. 2001).

Because sex trafficking a minor by advertising the minor for commercial sex with the knowledge that the minor is under the age of eighteen is merely an alternate means by which a defendant can violate § 1591, the statute defines only one offense.  We hold that Counts 1 and 2 of the superseding indictment are not duplicitous.

## B

### 1

Turning to Bradford's sentencing arguments, we must first review his sentence to "ensure that the district court committed no significant procedural error."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  If "a defendant failed to object on the ground that the district court erred procedurally in explaining and applying the [18 U.S.C.] § 3553(a) factors, we review only for plain error."  *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010) (citing *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir. 2006)).  "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'"  *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

Bradford argues that the district court procedurally erred by failing to enumerate the reasons why it rejected his mitigation arguments.  Bradford did not make this objection at the time of sentencing, and we therefore review for plain error.

The district court adequately explained itself and thus did not commit plain error.  Here, "the arguments were straightforward and uncomplicated."  *United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc).  The district court characterized Bradford's treatment of minors as

"inexcusable and horrific." Although Bradford argued that he had a difficult life, defense counsel conceded that his circumstances were "really not all that unusual sadly." "In context," it is clear that the district court "heard and considered" Bradford's arguments, "considered the § 3553(a) factors, and reached the conclusion that the Guidelines range was suitable" for Bradford's case. *United States v. Carter*, 560 F.3d 1107, 1118 (9th Cir. 2009). "Given the circumstances, it is hard to imagine what [else] the district judge might usefully have said." *Carty*, 520 F.3d at 995. We therefore observe no procedural error.

## 2

Because Bradford's sentence was free from procedural error, we next "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. We do not presume that a within-Guidelines sentence is reasonable, but most within-Guidelines sentences "fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013) (quoting *United States v. Treadwell*, 593 F.3d 990, 1015 (9th Cir. 2010), *overruled on other grounds by United States v. Miller*, 953 F.3d 1095, 1102–03 (9th Cir. 2020)). "[O]ur review of the substantive reasonableness of a sentence is deferential and will provide relief only in rare cases." *United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc). We "should only vacate a sentence if the district court's decision not to impose a lesser sentence was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Wilson*, 8 F.4th 970, 978 (9th Cir. 2021) (per curiam) (quoting *Laurienti*, 731 F.3d at 976).

Here, Bradford makes the same argument that his life circumstances render his sentence substantively unreasonable. Because Bradford has not demonstrated that his sentence was illogical, implausible, or without support in the record, he has not shown that his sentence is substantively unreasonable.

## III

We hold that sex trafficking a minor by advertising is not a separate and distinct crime under 18 U.S.C. § 1591; rather, it is one of the various means by which the statute can be violated. Therefore, Counts 1 and 2 of the superseding indictment are not duplicitous. We also hold that Bradford failed to show procedural or substantive error in his sentence.

**AFFIRMED.**